74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Howard T. PITTMAN, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6089.
(D.C.No. CIV-93-1755-C)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from the district court's denial of habeas corpus relief, 28 U.S.C. 2254, from his Oklahoma conviction for first degree murder. Petitioner asserted the following grounds for federal habeas relief: 1) the state trial court erred in allowing the State to introduce evidence of other crimes without providing petitioner with sufficient notice under Oklahoma law, and trial counsel was ineffective in failing to preserve this issue for appeal; 2) the trial court erred in denying petitioner an evidentiary hearing addressing the validity of a Texas search warrant, and appellate counsel was ineffective for failing to perfect a proper appeal of this issue; 3) the trial court erred in allowing the jury to rehear portions of the taped testimony of several State witnesses and in failing to include in the trial record the jury's written request to hear this testimony, and appellate counsel was ineffective for failing to perfect a proper appeal of these issues; 4) the trial court erred in admitting irrelevant and incompetent evidence; 5) the prosecutor's closing argument improperly commented on petitioner's exercise of his right not to testify, and trial counsel was ineffective for failing to object to these improper comments; 6) the State denied petitioner due process and equal protection by failing to establish that venue was proper in Oklahoma, and trial counsel was ineffective because he failed to challenge venue at trial; 7) the federal habeas court should consider, "under cause and prejudice," petitioner's sixth through tenth arguments asserted on direct appeal, which included challenges to the trial court's refusal to give certain requested jury instructions, denial of individual voir dire of prospective jurors, denial of several sentencing-stage motions, the sufficiency of the evidence to support his conviction, and cumulative error; and 8) petitioner "was substantially prejudice[d] by the judicial errors," R. doc. 1, Ground Eight.
 
 
 3
 The district court held that petitioner's ineffective assistance claims and his eighth ground for federal habeas relief were procedurally barred, and that petitioner failed to establish either cause and prejudice or a fundamental miscarriage of justice to excuse these defaults. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The district court determined that petitioner's remaining federal habeas claims lacked merit.
 
 
 4
 On appeal, respondents contend petitioner has waived appellate review of the denial of his eighth claim for federal habeas relief. We agree. In response to respondents' motion to dismiss for failure to exhaust state court remedies, the magistrate judge recommended that petitioner's eighth habeas claim be held exhausted because the state courts would deem petitioner to have procedurally defaulted this issue. R. doc. 16 at 3. See Coleman, 501 U.S. at 735 n. *. Because petitioner failed to object to the magistrate judge's recommendation, which was subsequently adopted by the district court, petitioner has waived review of this procedural default determination. See Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991). Further, because petitioner has asserted no cause excusing this default, and no fundamental miscarriage of justice that would result from our declining to address this issue, see Coleman, 501 U.S. at 750, we affirm the denial of habeas relief on this ground.
 
 
 5
 After careful review of the record provided on appeal and the parties' arguments, we AFFIRM the denial of habeas relief on all of the remaining grounds for substantially the reasons stated in the magistrate judge's report and recommendation dated January 12, 1995, which the district court adopted on February 13, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470