**Attachment not available electronically**

**Filed 5/23/96**

——————————————

TYRONE MCDANIEL, a/k/a TYRONE "MCDANIEL"   )
ISRAEL, a/k/a TYRONE "MCDANIEL" YAHWEH,   )
   )
      Plaintiff-Appellant,   )
   )
v.   )      No. 95-1529
   )   (D.C. No. 95-S-1163)
ARISTEDES W. ZAVARAS, Executive Director,   )   (D. Colorado)
Department of Corrections; GLORIA MASTERSON,   )
Administrative Service; RANDY HENDERSON, Warden, )
Centennial Correctional Facility; DENNIS PEARSON,   )
Programs Director, Centennial Correctional Facility; MIKE   )
MARINO, Lt. Case Manager, Centennial Correctional   )
Facility; MAJOR ELLEDGE, Major of Security, Colorado )
Territorial Correctional Facility,   )
   )
      Defendanst-Appellees.   )

——————————————

**ORDER AND JUDGMENT**[*]

——————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

——————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

——————————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Tyrone McDaniel, a/k/a Tyrone "McDaniel" Israel and Tyrone "McDaniel" Yahweh, brought this action pursuant to 42 U.S.C. § 1983 against Aristedes Zavaras, Executive Director of the Colorado Department of Corrections, Gloria Masterson, Randy Henderson, Warden of the Centennial Correctional Facility, Dennis Pearson, Programs Director at the Correctional Facility, Mike Marino, a case manager at the Correctional Facility, and Mr. Elledge, Major of Security at the Correctional Facility. The amended complaint alleges the defendants violated Mr. McDaniel's rights under the First, Fifth, and Fourteenth Amendments by depriving him of religious materials, including a prayer rug and a copy of the Qur'an, during a thirty-eight-day stay in punitive segregation, by interfering with his efforts to observe Ramadan, and by denying his grievances.

The defendants moved to dismiss the amended complaint or, in the alternative, for summary judgment. Mr. McDaniel responded by filing a document entitled "Motion for Jury Trial," which the magistrate judge construed as an opposition to the defendants' motion. Mr. McDaniel did not file any affidavits or other evidence in response to the motion for summary judgment. The magistrate judge recommended that the motion for summary judgment be granted.

In his "Response to the Recommendation of the United States Magistrate Judge," Mr. McDaniel raised four basic objections. He contended: (1) the denial of the prayer rug and Qur'an violated his First Amendment right to freely exercise his religion; (2) Aristedes Zavaras should be liable because he knew of and acquiesced in the denial of the prayer rug and Qur'an; (3) prison officials could have helped him observe Ramadan by serving him his breakfast before sunrise and his dinner after sunset; and (4) he "was not a security and discipline problem during this time."

The district court reviewed de novo the portions of the recommendation to which Mr. McDaniel objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court overruled Mr. McDaniel's objections and adopted the recommendation, holding (1) "[t]here are no specific factual allegations in the complaint and there is no evidence before the court of Defendants Zavaras', Masterson's, or Elledge's personal participation in any claimed constitutional deprivation"; (2) "there is no evidence before the court that Defendants Henderson, Pearson, or Marino engaged in any constitutional deprivation"; and (3) "to the extent [Mr. McDaniel] has referred to any religious materials other than 'a Holy Qur'an and a prayer rug,' the complaint must be dismissed as vague and conclusory."

Mr. McDaniel now challenges the grant of summary judgment in the defendants' favor on a number of grounds. The majority of his brief is devoted to issues which have been waived. When, as in this case, the magistrate judge advises a pro se litigant of the consequences of his failure to object specifically to the report and recommendation, the failure to object "waives appellate review of both factual and legal questions," unless the "interests of justice" require otherwise, which they do not here. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We therefore confine our review to those issues four raised in the objection to the recommendation, set forth above, and reasserted in the opening brief. Having done so, we see no basis for reversal.

The application for *in forma pauperis* status is **GRANTED,** Mr. McDaniel's motion to file an untimely reply brief is **DENIED**, and the judgment of the district court is **AFFIRMED** for substantially the same reasons set forth by the Magistrate-Judge in his Recommendation, a copy

4

being attached hereto.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge