**UNITED STATES COURT OF APPEALS**
**Filed 10/28/96**
**TENTH CIRCUIT**

ROGER LEE PARKER,

     Petitioner,

v.

BOB GUZIK and UNITED STATES
PAROLE COMMISSION,

     Respondents.

No. 96-6062
(D.C. No. CIV-95-1955-R)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

     Roger Lee Parker, a federal prisoner, filed this pro se habeas corpus

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

petition under 28 U.S.C. § 2241 alleging that a parole violator warrant was improperly issued and that his original sentence was illegally altered. The matter was referred to a magistrate judge, who recommended that Mr. Parker's petition be denied for failure to exhaust administrative remedies. The district court adopted the report and recommendation in its entirety on the basis of Mr. Parker's failure to object to it.

On appeal, Mr Parker asserts that even though he informed the court of his change of address, the report was sent to his old address. A review of the district court docket sheet reveals that Mr. Parker's change-of-address notice and the report crossed in the mail, and that he did not receive the report in time to make timely objections to it. While this court has a firm waiver rule under which the failure to make timely objection to the magistrate's findings or recommendation waives appellate review of both legal and factual issues, we need not apply the rule when the interests of justice dictate. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). We believe the interests-of-justice exception is applicable here, and accordingly we turn to Mr. Parker's other argument on appeal

Mr. Parker contends he offered evidence in the form of his belated written objections and the attachments thereto that he had in fact exhausted his administrative remedies and that the magistrate judge therefore improperly

-2-

recommended dismissal of his petition. However, the record on appeal does not contain the material upon which Mr. Parker relies, and the district court docket sheet does not show that it was ever filed. Moreover, in his petition in district court, Mr. Parker stated that he did not exhaust his administrative remedies because administrative relief does not apply in this case. He does not make that argument on appeal, contending only that he has in fact exhausted. Because he has failed to establish that he has done so, however, we affirm the dismissal of his petition.

AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge