UNITED STATES COURT OF APPEALS
**Filed 1/9/97**
FOR THE TENTH CIRCUIT

HASKELL WILLIAMS,

     Plaintiff-Appellant,

v.

LARRY FIELDS; SUSAN
WALLACE, DELORES RAMSEY;
JOHN WILSON; MICHAEL
ADDISON; BARBARA WRIGHT;
MICHAEL CODY; GAYLE KRIEN;
BILL BENNETT; KEN HOLLOWAY;
MARK SHIPMAN; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

     Defendants-Appellees.

No. 96-6121
(D.C. No. CIV-95-542-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Haskell Williams, an Oklahoma state prisoner appearing pro se, appeals from the district court's entry of judgment in favor of defendants in this civil rights suit filed pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiff sued the Oklahoma Department of Corrections (DOC), its director, and several DOC employees, seeking the recalculation of his earned credits and damages. Plaintiff claims he was illegally kept in custody beyond the date on which he should have been released.

On defendants' motion to dismiss or for summary judgment, the magistrate judge found that the DOC was entitled to dismissal based on its Eleventh Amendment immunity, and that the individual defendants sued in their official capacities were entitled to dismissal because they were not "persons" within the meaning of § 1983. The magistrate judge further found that plaintiff failed to show that each of the remaining defendants personally participated in the alleged violation of his constitutional rights, or that his procedural rights were not adequately safeguarded. Finally, the magistrate judge found that it was only after

the suit was filed and defendants had filed their motion to dismiss or for summary judgment that plaintiff first provided a factual basis for his allegation that defendants erred in computing his sentence. Because defendants then recalculated plaintiff's discharge date, applied the extra time served to plaintiff's sentence on a new charge, and expunged a prison disciplinary action taken after plaintiff's correct discharge date, the magistrate judge found that plaintiff could not show defendants were deliberately indifferent to his rights to support an Eighth Amendment claim. Plaintiff filed objections to the magistrate judge's report and recommendation, arguing that he had made out an Eighth Amendment claim and that defendants were not entitled to Eleventh Amendment immunity. The district court adopted the magistrate judge's report and recommendation, adding only that all of the defendants sued in their official capacities were also entitled to Eleventh Amendment immunity.

On appeal, plaintiff contends that: (1) defendants are not entitled to Eleventh Amendment immunity because they admitted in the district court that they made a mistake in computing plaintiff's sentence; (2) defendants each personally participated in the alleged violation of his rights because he complained to them of the asserted error in his sentence; and (3) defendants were deliberately indifferent to his illegal confinement because they did not correct the error until after he filed suit.

Plaintiff did not raise his second argument in his objections to the magistrate judge's report and it is therefore waived. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Otherwise, we have carefully reviewed the briefs and the record on appeal. Plaintiff's remaining claims of error are without merit. We affirm for substantially the same reasons as those set forth in the magistrate judge's thorough and well-supported February 2, 1996 report and recommendation, as adopted by the district court in its March 18, 1996 order.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


William F. Downes
District Judge