**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAVID THOMAS RHODES,

Defendant-Appellant.

No. 97-8097
(D.C. No. 96-CV-255-B)
(D. Wyo.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. We grant appellant's motion to supplement his statement of reasons for oral argument. We do not find

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his additional reasons persuasive, however. The case is therefore ordered submitted without oral argument.

Defendant-appellant David Thomas Rhodes seeks a certificate of appealability (COA) in order to proceed with his appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. [1] See 28 U.S.C. § 2253(c)(1)(B). We deny appellant a COA, and dismiss his appeal.

In order to show his entitlement to a COA, appellant must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). An appellant meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997).

As his basis for relief, appellant alleges that his trial and appellate counsel were constitutionally ineffective. In order to establish ineffective assistance of counsel, a movant must show both that his counsel's performance was deficient, and that the deficient performance prejudiced him. See Strickland v. Washington,

---

[1] Appellant was convicted of possession with intent to distribute cocaine. The facts surrounding his offense are detailed in our decision on his direct appeal. See United States v. Rhodes, No. 93-8083, 1994 WL 386026 (10th Cir. July 22, 1994).

-2-

466 U.S. 668, 687 (1984). To establish the "prejudice" element, he must show that but for this ineffective assistance the result would have been different. Id.

I. Ineffectiveness of trial counsel

Appellant contends that his trial counsel: (1) should not have presented evidence concerning his prior drug offense convictions and arrest on drug charges; (2) should have objected to the prosecution's inquiry about the underlying facts of his convictions; (3) should have moved to suppress a bindle of cocaine found in a road atlas inside the van; (4) should have investigated evidence to impeach one of the prosecution's witnesses; (5) should not have elicited a law enforcement officer's opinion that that witness was honest; (6) should have entered into evidence tools found in the van; and (7) should have entered an arrest photo of appellant into evidence. He further contends that the cumulative effect of these errors denied him a fair trial.

We have carefully reviewed appellant's brief and the record. We conclude that even if appellant's trial counsel performed deficiently, appellant has failed to show that this performance prejudiced him. The evidence in this case against appellant was simply overwhelming. Moreover, appellant has failed to demonstrate that a constitutionally effective counsel could have managed to suppress enough of the evidence against him to make it something other than overwhelming.

II. Ineffectiveness of appellate counsel

    1. Chickelero tapes

Appellant contends that his appellate counsel was ineffective in failing to appeal the district court's decision concerning admissibility of tapes on which he is heard to discuss cocaine sales with informant Elbert Chickelero. "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995) (citations and quotation omitted). Having reviewed the record, we conclude that if the district court erred in conducting its Fed. R. Evid. 404(b) analysis, such errors were harmless. See United States v. Sarracino, 131 F.3d 943, 949 (10th Cir. 1997) (applying harmless error analysis to Rule 404(b) issue).

    2. Failure to petition for rehearing

Appellant contends that his counsel should have filed a petition for rehearing of this court's decision in his direct appeal, United States v. Rhodes, No. 93-8083, 1994 WL 386026 (10th Cir. July 22, 1994). A petition for rehearing will be granted only if the court has overlooked or misconstrued a significant issue. See 10th Cir. R. 40.1. Appellant fails to convince us that the result

reached by the panel which previously considered this issue was incorrect and that his petition for rehearing should have been granted. His counsel therefore was not ineffective for failing to move for rehearing.

III. Evidentiary hearing

Appellant asserts he was entitled to an evidentiary hearing. Section 2255 provides that an evidentiary hearing shall be provided "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Having reviewed the record, we conclude that the record contains a conclusive basis for rejecting appellant's issues. Further factual development was not required in this case. Cf. Moore v. United States, 950 F.2d 656, 660-61 (10th Cir. 1991) (discussing evidentiary hearing standard, and finding that record did not allow disposition without hearing).

Appellant's application for a certificate of appealability is DENIED and his appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-