**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DELMER ENGLES, and BARBARA
ENGLES,

    Plaintiffs - Appellants,

v.

THOMAS M. MADDEN CO., an
Illinois corporation; AMERICAN
INTERNATIONAL COMPANIES, a
New York corporation licensed to do
business isn the state of Oklahoma;
NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA, is licensed to do
business in the state of Oklahoma,

    Defendants - Appellees,

  and

RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, of Tulsa,
Oklahoma; DEBORAH
SHALLCROSS, sued as: District
Judge Deborah Shallcross, Tulsa
County Courthouse,

    Defendants.

No. 98-5149
(D.C. No. CIV-98-179-K)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not

(continued...)

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Plaintiffs Delmer and Barbara Engles appeal the dismissal of their civil action against defendants Thomas M. Madden Company, American International Companies, and National Union Fire Insurance Company.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm. We also deny what we construe as appellants' motion to add Shallcross and the Rhodes Law Firm as appellees.

This is a civil action alleging due process violations stemming from delays in plaintiffs' state court action against Madden and others claiming damages from blasting activities near plaintiffs' properties. Defendants moved to dismiss; the district court, pursuant to 28 U.S.C. § 636(b)(1)(A), referred the motion to a magistrate judge. On June 16, 1998, the magistrate entered a Report and Recommendation recommending that the district court grant the motion to dismiss

---

[*](...continued)
binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Although plaintiffs' notice of appeal and August 6, 1998, "Statement of Intention" specifically indicate that they appeal the district court's dismissal of their action only as against those three defendants, they have also filed a document titled "New Evidence" seeking to add, as appellees, defendants Deborah Shallcross and Rhodes, Hieronymus, Jones, Tucker & Gable ("the Rhodes Law Firm").

because of plaintiffs' failure to state a claim. The magistrate reasoned that insofar as plaintiffs claimed violations of constitutional rights stemming from Judge Shallcross' actions in their state court suit, the judge was immune under the doctrine of absolute judicial immunity. The magistrate further concluded that no action under 42 U.S.C. § 1983 was available against the other defendants due to the absence of any factual contention that they were state actors or acted under color of state law.[2]

Rather than filing objections to this Report and Recommendation, plaintiffs filed two motions, one asking that defendants be required to pay all fees and costs in the case, and the other asking for a continuance of 30-90 days to seek counsel or have counsel appointed.[3] In an order of July 10, 1998, the district court denied both motions, adopted the magistrate's Report and Recommendation, and dismissed the case. See R. doc. 14, at 1-3.

As an initial matter, we must address plaintiffs' failure to file objections to the magistrate's report. Generally, failure to file objections to a magistrate's

_____

[2]Although defendants moved to dismiss for lack of jurisdiction, the magistrate, citing Bell v. Hood, 327 U.S. 678, 682-83 (1946), took jurisdiction and proceeded to reach the merits of plaintiffs' Section 1983 claims and dismissed for failure to state a claim. The magistrate additionally construed plaintiffs' complaint liberally to state a conspiracy claim under 42 U.S.C. § 1985, but dismissed that claim for failure to allege "some . . . class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

[3]Plaintiffs had ten days—until July 6, 1998—to file objections to the Report and Recommendation. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ruling waives the right to appeal that ruling. See Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992). However, "[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (citation omitted). This waiver rule does not apply to a pro se litigant unless the magistrate's order apprises the litigant of the consequences of his or her failure to object. See id. In this case, the magistrate's report clearly informed plaintiffs of the ten day deadline for objections and of the consequences of their failure to object. See R. doc. 7, at 7 ("The failure to file written objections may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court.").

Plaintiffs did file a motion on June 24, 1998, asking the district court to deny the motion to dismiss and requesting a continuance of 30-90 days and appointment of counsel. See R. doc. 12, at 1. This motion, however, failed to raise any specific objections to the magistrate's Report and Recommendation, apart from the bare request for denial of the motion to dismiss. See id. Therefore, plaintiffs are procedurally barred from appealling the magistrate's findings, adopted by the district court, unless the "interests of justice" exception applies. See Moore, 950 F.2d at 659.

In responding to this court's show cause order on the issue of failure to object to the magistrate's findings, plaintiff Delmer Engles states that "his only excuse could be deteriorating medical problems, such as hearing, eyes, and memory [loss]." Appellant's Br. at 1. Despite these factors, our review of the record and the law convinces us that the interests of justice do not dictate an exception to the procedural bar rule in this case. We agree with the district court that plaintiffs present no allegations of state action with respect to defendants Madden, American International, and National Union, and thus fail to state a claim under 28 U.S.C. § 1983. Therefore, we conclude that the interests of justice do not dictate that we overlook plaintiffs' waiver of objection to the magistrate's findings.

We additionally deny plaintiffs' "New Evidence," construed as a motion to add Shallcross and the Rhodes Law Firm as appellees. Plaintiffs' notice of appeal and August 6, 1998, "Statement of Intention" clearly indicate that plaintiffs appeal the district court's judgment only as to Madden, American International, and National Union. The "New Evidence" was filed on November 19, 1998, well after the time period for filing a notice of appeal under Fed. R. App. P. 4(a)(1). Nor did plaintiffs file in the district court a motion for leave to file a notice of appeal out of time, pursuant to Fed. R. App. P. 4(a)(5). A timely notice of appeal is a mandatory prerequisite for the exercise of jurisdiction by this court over any

party.  See Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir. 1990).  As against Shallcross and the Rhodes Law Firm, Plaintiffs did not timely file either a notice of appeal or a motion for leave to file out of time.  Plaintiffs' "New Evidence" does not even offer any allegations of good cause or excusable neglect.  This court thus has no jurisdiction over Shallcross and the Rhodes Law Firm, and plaintiffs' motion to add them as appellees must be denied.

The judgment of the district court is **AFFIRMED**.  The mandate shall issue forthwith.

                              ENTERED FOR THE COURT


                              Carlos F. Lucero
                              Circuit Judge