**Dennis Wayne MOORE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 91–7083.**

United States Court of Appeals, Tenth Circuit.

Dec. 2, 1991.

Submitted on the Briefs: *

Dennis Wayne Moore, pro se.

John Raley, U.S. Atty., and Sheldon J. Sperling, Asst. U.S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Petitioner-appellant appeals from the denial of his 28 U.S.C. § 2255 petition, in which he claims that his perjury conviction is constitutionally invalid due to ineffective assistance of counsel caused by an actual and simultaneous conflict of interest. We reverse and remand for an evidentiary hearing.

In connection with a large amphetamine manufacturing operation, petitioner was charged with a drug conspiracy and a conspiracy to carry or use firearms in connection with a drug offense. *See* 21 U.S.C. § 846; 18 U.S.C. § 371. Pursuant to a plea agreement, petitioner pled guilty to interstate transportation in aid of a racketeering enterprise. *See* 18 U.S.C. § 1952. At the plea hearing, petitioner implicated Larry Lee Callihan, a codefendant, as the source of his compensation.[1] Petitioner does not challenge this conviction.

The government subsequently charged petitioner with perjury on the theory that petitioner had failed to acknowledge the

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

1. Petitioner subsequently admitted to the prosecutor that he had lied at his plea proceeding by implicating Callihan as the source of his compensation when in fact, it was Greg Cox.

involvement of codefendant Darrel Glen Russell in the conspiracy.[2] Petitioner pled guilty to the perjury charge on the promise that the government would not seek to invalidate the first plea agreement on the interstate transportation in aid of racketeering charge. Petitioner was sentenced to sixty months on the interstate transportation in aid of racketeering conviction, and an additional sixty months on the perjury conviction, to run consecutively.

On both convictions, petitioner was represented by attorney D.G.[3] D.G. was retained by Greg Cox for petitioner and Cox paid D.G. a $5,000 fee. According to petitioner, D.G. could not represent him with undivided loyalty because Cox was implicated in the drug conspiracy (and was later indicted), and that fact was known by D.G. Petitioner now alleges that D.G. told him to keep Cox's name out of the proceedings and to implicate codefendant Callihan, who would testify for the government pursuant to a plea agreement. Petitioner informed the government of this prior to the plea agreement on the perjury charge, but did not so inform the district court at the second (perjury) plea hearing. However, petitioner has attached affidavits from his father and wife in which the affiants claim to have heard D.G. telling petitioner to implicate Callihan before the first plea hearing.[4] I R. doc. 1, exs. A & B. Petitioner further claims that he is factually innocent of the perjury charge, and that D.G. did not pursue proper defenses on the perjury charge because of two conflicts of interest. These conflicts of interest include D.G.'s alleged personal involvement in suborning perjury at the first plea hearing and D.G.'s alleged representation of Cox's interests from the outset. D.G. has disputed similar allegations.[5]

The magistrate recommended that the petition be denied without a hearing based upon a review of the pleadings in this case and in the underlying drug conspiracy and perjury cases. I R. doc. 7 at 2. *See also* R. 8(a) & (b), Rules Governing Section 2255 Proceedings. The magistrate relied on the plea hearings in which petitioner twice expressed satisfaction with his counsel and indicated an understanding of the consequences of perjury. Relying upon *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975), the magistrate regarded petitioner's statements at the plea proceedings "as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of the statements." I R. doc. 7 at 2. The magistrate concluded that "[p]etitioner's allegation that he was not represented by competent counsel is not supported by the plea transcript." *Id.* at 3. The magistrate did not consider the performance, prejudice or waiver implications of petitioner's allegation of attorney conflict. *See Strickland v. Washington*, 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 2064, 2067, 80 L.Ed.2d 674 (1984); *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718, 1719, 64 L.Ed.2d 333 (1980).

The magistrate's recommendation indicated that pursuant to 28 U.S.C. § 636(b)(1) and E.D.Okla.R. 32(d),[6] "the parties are

---

**2.** Russell was acquitted, and the government attributes its lack of success to petitioner's perjury. *See* Appellee's Brief at 10.

**3.** We refer to counsel as "D.G." given the unproven nature of the allegations. *See Bridges v. United States*, 794 F.2d 1189, 1190 n. 1 (7th Cir.1986).

**4.** These affidavits contain other conclusory information which does not appear to be based on personal knowledge.

**5.** Petitioner filed a professional misconduct complaint against D.G. with the General Counsel of the State Bar of Texas. Petitioner has attached D.G.'s letter response to the complaint to his petition. I R. doc. 1, ex. C.

**6.** E.D.Okla.R. 32(d) provides:

> *Civil Cases—Dispositive Matters.* Pursuant to 28 USC Section 636(b)(1)(B) a District Judge may designate a Magistrate to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations for the disposition of any of the motions excepted from Rule 32(c), and the Magistrate shall file his proposed findings and recommendations with the Court, mailing copies thereof to all parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are filed, the Magistrate's findings may be accepted by the District Judge and appropriate orders entered without further notice.

given ten (10) days from the above filing date [March 28, 1991] to file with the Clerk of Court any objections, with supporting brief." I R. doc. 7 at 4. *See also* R. 8(b)(2) & (3), Rules Governing Section 2255 Proceedings. The memorandum containing the magistrate's findings and recommendation failed to apprise petitioner of the consequences of failing to file objections, namely waiver of appellate review. On April 19, 1991, the district court noted that no objections had been filed and adopted the magistrate's recommendation.

■ Although we plainly have jurisdiction over this appeal, *see* 28 U.S.C. §§ 1291, 2253, 2255, we have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate. *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164–65 (10th Cir.1986); *Boyd Motors, Inc. v. Employers Ins.*, 880 F.2d 270, 271 (10th Cir.1989). *See also Thomas v. Arn*, 474 U.S. 140, 146, 106 S.Ct. 466, 470, 88 L.Ed.2d 435 (1985). Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.[7] The waiver rule as a procedural bar need not be applied when the interests of justice so dictate. *Thomas*, 474 U.S. at 155, 106 S.Ct. at 474. In this case, however, we need not decide whether the interests of justice exception applies.

■ We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations. *Small v. Secretary, HHS*, 892 F.2d 15, 16 (2d Cir.1989); *United States v. Valencia–Copete*, 792 F.2d 4, 7 (1st Cir.1986); *Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir.1985). *See also* 7 James W. Moore, Jo D. Lucas & Kent Sinclair, Jr., *Moore's Federal Practice* ¶ 72.04[9.—6] (1991) & *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991) (district courts should provide notice to pro se litigants of certain complex

procedural issues). In proceedings in which a party appears without benefit of counsel, we shall exercise our supervisory power and require magistrates within the circuit to inform a pro se litigant not only of the time period for filing objections, but also of the consequences of a failure to object, i.e. waiver of the right to appeal from a judgment of the district court based upon the findings and recommendations of the magistrate. *See Arn*, 474 U.S. at 144, 155, 106 S.Ct. at 469, 474. *Cf. United States v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). This notice should be included in the text of the document containing the magistrate's findings and recommendations. *Valencia–Copete*, 792 F.2d at 6.

Turning to the merits of the appeal, § 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In reviewing petitioner's claims, we must first decide whether "petitioner's allegations, if proved, would entitle him to relief." *United States v. Barboa*, 777 F.2d 1420, 1423 (10th Cir.1985). If so, the district court's summary denial of an evidentiary hearing is reviewed for an abuse of discretion. *Id.*

Notwithstanding the strong presumption of truth accorded petitioner's in-court statements at the perjury plea hearing, *see Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977), the analysis relied upon by the district court is incomplete. The court below framed the ineffective assistance issue solely as one of attorney competence, and did not address the attorney conflict issues not only inherent in these facts, but also squarely presented by petitioner. *See, e.g., Wood v. Georgia*, 450 U.S. 261, 268–69, 101 S.Ct. 1097, 1102, 67 L.Ed.2d 220 (1981) ("Courts and commentators have recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise."); *Holloway v. Arkansas*, 435 U.S. 475, 489–90, 98 S.Ct.

---

7. The failure to object does not waive issues concerning the magistrate's jurisdiction, however. *Clark v. Poulton*, 914 F.2d 1426, 1431 (10th Cir.1990).

1173, 1181, 55 L.Ed.2d 426 (1978) ("Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing.").

A defendant making an ineffectiveness claim on a counseled guilty plea must identify particular acts and omissions of counsel tending to prove that counsel's advice was not within the wide range of professional competence. *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. The defendant must also show prejudice, "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. The performance inquiry is made with deference to counsel's assistance, but in recognition that the validity of a guilty plea depends upon a defendant's knowing and voluntary choice among alternatives. *Hill*, 474 U.S. at 56, 106 S.Ct. at 369; *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.

Notwithstanding the highly deferential review of counsel's performance required in an ineffectiveness claim, a defendant's right to counsel may be compromised by conflict. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065 ("Counsel's function is to assist defendant, and hence counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest."). *See also United States v. Tatum*, 943 F.2d 370, 376–79 (4th Cir.1991) (compromise in pretrial proceedings); *Church v. Sullivan*, 942 F.2d 1501, 1510 (10th Cir.1991); *United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir.1990); *United States v. Winkle*, 722 F.2d 605, 608–09 (10th Cir.1983). The right to conflict-free representation extends to plea proceedings, including investigation and negotiation. *See Bridges v. United States*, 794 F.2d 1189, 1192 (7th Cir.1986); *Osborn v. Shillinger*, 861 F.2d 612, 626 (10th Cir.1988); *United States v. Andrews*, 790 F.2d 803, 811 (10th Cir.1986). A defendant is entitled to a presumption of prejudice if he can prove that his lawyer " 'actively represented conflicting interests' and that 'an actual conflict of interest adverse-ly affected his lawyer's performance.' " *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067 (quoting *Cuyler*, 446 U.S. at 348, 350, 100 S.Ct. at 1718, 1719). *See also Church*, 942 F.2d at 1510; *Bowie*, 892 F.2d at 1500; *Winkle*, 722 F.2d at 609. Alternatively, a defendant may prove prejudice by proving "that his attorney was so inadequate that he was effectively denied the benefit of a full adversarial testing of his guilt." *Osborn*, 861 F.2d at 626. If a defendant would have elected a trial, but an improper motivation precluded counsel from evaluating this alternative and advising defendant, a defendant has been prejudiced.

An ineffectiveness-due-to-conflict claim is waived if defendant "consciously chose to proceed with trial counsel, despite a known conflict to which the defendant could have objected but chose to disregard." *Winkle*, 722 F.2d at 612 n. 12. *See also Holloway*, 435 U.S. at 483 n. 5, 98 S.Ct. at 1178 n. 5; *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Church*, 942 F.2d at 1512; *Bridges*, 794 F.2d at 1193. Though waiver is surely an issue, at this stage we conclude that petitioner would prevail on his ineffectiveness claim if he could prove the conflicts alleged and disprove the government's waiver contentions. Petitioner is alleging that D.G.'s representation on the perjury charge was compromised by two conflicts and that one or both conflicts, rather than professionally competent considerations, motivated D.G. to urge petitioner to plead guilty.

Ineffective assistance of counsel claims frequently are raised by collateral attack as the implications of trial counsel's performance are realized. *Kimmelman v. Morrison*, 477 U.S. 365, 378, 106 S.Ct. 2574, 2584, 91 L.Ed.2d 305 (1986); *Osborn v. Shillinger*, 861 F.2d 612, 622–23 (10th Cir.1988). Some ineffectiveness claims cannot be resolved with sole reference to the record including regular plea proceedings. *Beaulieu v. United States*, 930 F.2d 805, 807–08 (10th Cir.1991). Here, factual disputes and inconsistencies beyond the record exist; thus, a hearing is needed.

D.G., who apparently has a very different view of the representation, *see supra* n. 5, has not been heard in this forum. Some, but not all, of the facts alleged support waiver.[8] *See Bridges v. United States,* 794 F.2d 1189, 1194 (7th Cir.1986).

On remand, the district court should hold an evidentiary hearing given the allegations of actual conflict and a breakdown in the adversary process. *See Wood,* 450 U.S. at 273–74, 101 S.Ct. at 1104–05; *Bowie,* 892 F.2d at 1502; *Winkle,* 722 F.2d at 605. A hearing is necessary because of the need to consider extra-record facts concerning counsel's representation of petitioner. *See* 28 U.S.C. § 2255; *Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 513–14, 7 L.Ed.2d 473 (1962); *Sanders v. United States,* 373 U.S. 1, 20, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963); *United States v. Estrada,* 849 F.2d 1304, 1306 (10th Cir.1988); *United States v. Gutierrez,* 839 F.2d 648, 652 (10th Cir.1988). The district court should proceed in accordance with § 2255 and R. 8, Rules Governing § 2255 Proceedings, and consider (1) whether actual conflicts existed, (2) which adversely affected counsel's performance, and if so, (3) whether petitioner made a valid waiver. *See Wood,* 450 U.S. at 273–74, 101 S.Ct. at 1104–05; *Bowie,* 892 F.2d at 1502; *Winkle,* 722 F.2d at 611–12.

REVERSED AND REMANDED.

---

8. Petitioner admits that he was aware of one conflict from the outset—that D.G. was retained by Cox, who allegedly was involved in the offense. When questioned by the prosecutor after the first plea agreement, petitioner confessed that he had lied and attributed the lie to D.G. He reported that Cox had paid D.G. Yet, petitioner returned to D.G. and negotiated another plea agreement. Petitioner subsequently indicated satisfaction with D.G. at the perjury plea hearing.