68 F.3d 484
 131 Lab.Cas. P 58,010
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alisia Jean REESE, Plaintiff-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,
Defendant-Appellee.
 No. 95-4010.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.[2]
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff Alisia Jean Reese appeals the district court's grant of summary judgment to her former employer, defendant Great American Insurance Company, on her claims of wrongful termination and breach of contract. Plaintiff alleged that defendant breached an implied-in-fact employment contract with her by terminating her employment without cause and without following defendant's progressive discipline procedures.[3] We have jurisdiction pursuant to 28 U.S.C. 1291, and affirm.
 
 
 2
 Plaintiff worked for defendant as an assistant underwriter/product quality specialist beginning in May 1988. In May 1990, she transferred to the company's Salt Lake City, Utah, office. On June 2, 1993, Jack Campbell, defendant's vice president, informed plaintiff that her supervisor, Mr. Backs, was moving back to Cincinnati and that plaintiff would be reporting to Maggie Bailey, defendant's operations manager. Plaintiff stated that she would not work for Maggie Bailey.[4] After further meetings between plaintiff and management, plaintiff's employment was terminated on June 11, 1993.
 
 
 3
 "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir.1994)(citing Applied Genetics Int'l, Inc. v. First Affiliated Sec. Inc., 912 F.2d 1238, 1241 (10th Cir.1990)). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994)(quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 4
 In Utah, an employee who is hired for an indefinite period "is presumed to be an employee at will who can be terminated for any reason whatsoever so long as the termination does not violate a state or federal statute." Johnson v. Morton Thiokol, Inc., 818 P.2d 997, 1000 (Utah 1991). An employee can rebut this presumption of employment at will by proving the existence of an implied-in-fact employment contract. Sanderson v. First Sec. Leasing Co., 844 P.2d 303, 306 (Utah 1992)(citing Berube v. Fashion Centre, Ltd., 771 P.2d 1033, 1044, 1051 (Utah 1989)).
 
 
 5
 An employee has the burden of establishing the existence of the provisions of an implied-in-fact contract of employment. Johnson, 818 P.2d at 1001. The employee must show that the formal requirements of an offer of a unilateral contract were met. Id. at 1002. Relevant evidence of such an offer includes "the language of the [employment] manual itself, the employer's course of conduct, and pertinent oral representations." Brehany v. Nordstrom, Inc., 812 P.2d 49, 56 (Utah 1991)(citing Leikvold v. Valley View Community Hosp., 688 P.2d 170, 174 (Ariz.1984)).
 
 
 6
 The existence of an implied-in-fact contract, as the name suggests, is a question of fact which is normally committed to the trier of fact. However, the court retains the power to enter summary judgment when it concludes that, as a matter of law, no reasonable jury could find that the elements of an implied-in-fact contract of employment exist. Sanderson, 844 P.2d at 306; see also Ingels, 42 F.3d at 624.
 
 
 7
 Plaintiff argues that language concerning progressive discipline contained in defendant's employment manual, together with defendant's course of conduct, modified her status as an at will employee and created an implied-in-fact contract by which she could be terminated only for cause and only if the manual's termination procedures were followed. The district court concluded that the clear and conspicuous disclaimers[5] contained in the employment manual and in the application form which plaintiff signed effectively disclaimed any implied-in-fact contract of employment. See Johnson, 818 P.2d at 1003 (discussing effect of disclaimers).[6]
 
 
 8
 Plaintiff argues that the disclaimer contained in the employment manual was ineffective because she never saw the manual during her employment. She seeks to rely on the terms of the manual, but not its clear and conspicuous disclaimer. Under Utah law the terms of the manual must be read as a whole and construed in light of the disclaimer which here negates any offer of an implied-in-fact contract. See Johnson, 818 P.2d at 1003. Moreover, plaintiff signed the application form which also contained a clear and conspicuous disclaimer.
 
 
 9
 Having carefully reviewed the entire record and applicable Utah law, we agree that plaintiff remained an at will employee and had no implied-in-fact contract of employment with defendant. The district court properly granted summary judgment for defendant.
 
 
 10
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Plaintiff also argues that defendant breached its employment contract with her by failing to allow her to apply for a different position with defendant through defendant's "Targeted Success" program. The magistrate judge found that the Targeted Success program had no application to the case because plaintiff never applied for a position under the program and because the program does not affect the duration of employment or its termination. Plaintiff failed to object to this finding. Plaintiff's failure to object to the magistrate's finding as required by Fed.R.Civ.P. 72(b) prevents her from raising arguments relative to the Targeted Success program before this Court. See Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)
 
 
 [4]
 Plaintiff contends that her willingness to work for Maggie Bailey is the subject of dispute. However, she admitted in her deposition testimony that she stated "I will not work for Maggie Bailey" during the meeting of June 2, 1993. Appellee's Supp.App. at 15. Plaintiff points us to her affidavit, in which she stated that she "never at any time denied to Jack Campbell or David Backs that she would not [sic] work for Maggie Bailey." Appellant's App. at 99. Any factual dispute created by these allegedly inconsistent remarks does not preclude summary judgment, because of our holding that plaintiff's employment was strictly at will
 
 
 [5]
 Plaintiff argues that the disclaimers were ineffective because they were not sufficiently conspicuous to put her on notice that she remained an at will employee. The Utah Supreme Court has given effect, without detailed comment, to the use of disclaimers which were "clear and conspicuous," apparently giving no independent emphasis to the element of "conspicuousness." Hodgson v. Bunzl Utah, Inc., 844 P.2d 331, 334 (Utah 1992); Johnson, 818 P.2d at 1003. The Utah Court of Appeals, applying Hodgson and Johnson, recently upheld the use of disclaimers nearly identically "conspicuous" to those at issue here. Kirberg v. West One Bank, 872 P.2d 39, 40-41 & n. 3 (Utah Ct.App.1994). Having found no contrary Utah authority, we follow the Utah Court of Appeals decision in Kirberg. See Perlmutter v. United States Gypsum Co., 4 F.3d 864, 869 n. 2 (10th Cir.1993). We have no difficulty concluding that the Utah Supreme Court would uphold the disclaimers at issue here as sufficiently clear and conspicuous
 
 
 [6]
 Plaintiff also argues that defendant's discipline of other employees created a reasonable expectation that progressive discipline would be applied in her case. The record contains no specific examples of such discipline from which reasonable reliance can be inferred. Moreover, testimony that supervisors believed that progressive discipline was required, or even that they had given warnings to other employees, without more, does not establish an agreement by defendant to exercise progressive discipline in plaintiff's case under these particular circumstances, particularly given the express language of the manual which allowed defendant's supervisors to depart from its disciplinary guidelines if necessary. See Hodgson, 844 P.2d at 334-35