73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Leroy GREATHOUSE and Gala Greathouse, Plaintiffs-Appellants,
v.
COLORADO STATE BANK; Larry Harper; Jim Bailey; Gary
Bryan; Dick Patterson; First National Bank; Joan B.
Brettell; Linda Gibson; Willard Goff; John Arbuthnot;
Norman L. Arends; John Gehlhausen; John Gehlhausen, P.C.;
Darla Scranton Specht, Esq.; and John and Jane Does 1-25,
Defendants-Appellees.
 No. 95-1117.
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 We deny Appellees' motion to dismiss on jurisdictional grounds because the Plaintiffs' objections to the magistrate judge's report were timely filed. The Defendants asserted that the Plaintiffs' objections were untimely because they were due on February 5, 1995. In adopting the magistrate judge's recommendation, the district court noted that the Plaintiffs' objections to the magistrate judge's recommendation were untimely filed.
 
 
 3
 The magistrate judge served the Plaintiffs by mail with his report and recommendation on January 26, 1995. In accord with Federal Rule of Civil Procedure 72, the report informed Plaintiffs that they were required to serve and file any written objections "within ten days after service of this Recommendation." R. Vol. I, No. 65, at 12.[2]
 
 
 4
 As a Federal Rule of Civil Procedure, however, Rule 72 operates in tandem with the timing provisions set forth in Federal Rule of Civil Procedure 6. Rule 6(a) states in relevant part, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Plus, Rule 6(e) adds three days to the prescribed period when notice is served upon a party by mail. The three days added for mailing are tacked on to the time allotted under Rule 6(a) which excludes weekends and legal holidays. See CNPq--Conselho Nacional v. Inter-Trade, Inc., 50 F.3d 56, 58 (D.C.Cir.1995) (applying the above analysis); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir.1993) (applying the above analysis), cert. denied, 115 S.Ct. 86 (1994). Counting from January 27, 1995,[3] Plaintiffs would have had nineteen days (or thirteen days if weekends are excluded), to file their objections. Thus, Plaintiffs would have had until Tuesday, February 14, 1995, to file their objections. Plaintiffs filed their "Verified Petition and Objection" on Tuesday, February 7, 1995. We have jurisdiction to consider this appeal because Plaintiffs' objections to the magistrate judge's recommendation were filed well within the time allotted by the Federal Rules of Civil Procedure.
 
 
 5
 Nevertheless, we AFFIRM the district court because it considered the merits of Plaintiffs' claims in the alternative. The court noted that even if timely, the Plaintiffs' objections fail to explain why the magistrate judge's recommendation is objectionable. The district court adopted the magistrate judge's finding that Plaintiffs' claims are frivolous, and after reviewing the record, we agree. Appellees' request for additional time to file a response brief is mooted by our affirming the district court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The magistrate judge warned Plaintiffs that "[f]ailure to file a timely written objection may bar the parties from a de novo determination or appeal of the findings and recommendations herein by the District Court Judge." R. Vol. I, No. 65, at 12. Thus, under Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991), Plaintiffs were given sufficient notice that failure to file a timely objection would result in a waiver of their right to appeal
 
 
 [3]
 January 26 was "the day of the act" because on that date the magistrate judge's report was mailed to the Plaintiff. Under Rule 6(a), "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Hence, we count from January 27, which is the day after service