# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J. Fisher, Jr.
Clerk

Elisabeth A. Shumaker
Chief Deputy Clerk

March 18, 1999

**TO:** ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:** 98-6151, *Braun v. Elliot*
Filed on February 24, 1999

The order and judgment filed on February 24, 1999, contains two typographical errors. On page 2, lines 12-13, first full paragraph, the sentence should read: "Thus, he recommended that the action be dismissed pursuant to 28 U.S.C. § 1915(g). " Also on page 2, lines 17-18, first sentence of the last paragraph, the sentence should read: "On appeal, Mr. Braun raises a constitutional challenge to 28 U.S.C. § 1915(g).

A copy of the corrected order and judgment is attached.

Sincerely,
Patrick Fisher, Clerk of Court

By: Keith Nelson
Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CONRAD J. BRAUN,

       Petitioner-Appellant,

v.

W. ELLIOTT, Official Capacity as
Corrections Officer for FCI
El Reno; A. M. FLOWERS, Warden,

       Respondents-Appellees.

No. 98-6151
(D.C. 97-CV-2057)
(Western District of Oklahoma)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , Chief Judge,   **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Conrad J. Braun, a federal prisoner appearing pro se, timely

---

    *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court's dismissal of his civil rights action pursuant to 28 U.S.C. § 1915(g) without prejudice to refiling upon full payment of the filing fee. We deny him leave to proceed in forma pauperis and dismiss the appeal.

In his report to the district court, the magistrate judge took judicial note that Mr. Braun had three prior actions that were dismissed on the grounds they were frivolous, malicious, or failed to state a claim. Report and Recommendation, Rec. doc. 10, at 2 (W.D. Okla. Feb. 13, 1998); see Green v. Nottingham , 90 F.3d 415, 418 (10th Cir. 1996) (federal courts may take judicial notice of proceedings in other courts if they directly relate to presently disputed matters). The magistrate also found that Mr. Braun was not under imminent danger of serious physical injury. Id. at 3. Thus, he recommended that the action be dismissed pursuant to 28 U.S.C. § 1915(g). Mr. Braun did not file any objections to the magistrate's report. Accordingly, the district court issued an order on March 23, 1998 adopting the magistrate's report in its entirety and dismissing the action. Rec. doc. 11.

On appeal, Mr. Braun raises a constitutional challenge to 28 U.S.C. § 1915(g). Failure to timely object to the magistrate's report and recommendation, however, waives appellate review of both factual and legal questions determined by the magistrate. See Moore v. United States , 950 F.2d 656, 659 (10th Cir. 1991) (adopting "firm waiver" rule). Here, the magistrate clearly informed Mr.

Braun of the consequences of not making timely objections, and this case presents no ends of justice that warrant making an exception.[1] See id. (holding waiver applicable to pro se litigant only when magistrate has informed litigant of consequences of failure to object, unless ends of justice dictate otherwise).

Accordingly, because Mr. Braun has waived appellate review, we DENY him leave to proceed in forma pauperis and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[1] We also note that during the pendancy of this appeal, we rejected just such a constitutional challenge to 28 U.S.C. § 1915(g). See White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998), petition for cert. filed (U.S. Jan. 5, 1999) (No. 98-7542).