**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDALL CAMPBELL,

     Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; SHERRY
TODD,

     Defendants - Appellees.

No. 98-6350
(D.C. No. CIV-98-560-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Plaintiff-appellant Randall Campbell appeals the dismissal of his pro se

civil rights action under 42 U.S.C. § 1983 against the State of Oklahoma, the state

District Attorney's Office, and Assistant District Attorney Sherry Todd. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Campbell alleges violations of the Fifth, Sixth, and Eighth Amendments to the federal Constitution arising out of his arrest and prosecution on state grand larceny charges. Specifically, he claims that Oklahoma violated his due process and speedy trial rights due to unfounded prosecution and postponements of his court dates. Campbell also argues that he was subjected to extended pretrial detention, in retaliation for refusal to sign a plea agreement, which violated the constitutional prohibition against cruel and unusual punishment. He seeks, inter alia, compensatory and punitive damages, injunctive relief from prosecution, and immediate release from custody.

Defendants-appellees moved to dismiss Campbell's claims. The district court referred the motion to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1). Campbell failed to file a timely response to the motion to dismiss, and the magistrate deemed the motion confessed pursuant to W.D. Okla. LCvR7.1(e), which provides that "[a]ny motion, application or objection which is not opposed within eighteen (18) days may, in the discretion of the Court, be deemed confessed." The magistrate also noted "several legal impediments to further prosecution of this action on the merits," including exclusivity of habeas corpus (with prior exhaustion of state remedies) as a remedy for unlawful detention; absolute prosecutorial immunity as to claims against Todd and District Attorney Macy; and the Anti-Injunction Act, 28 U.S.C. § 2283, as a

bar to injunctive relief against a pending state prosecution. R. doc. 15 at 2-3. The magistrate recommended that Campbell's claims be dismissed without prejudice, and noted that failure to file a timely objection to the findings and recommendation would waive further review of facts and law by district or appellate court.

The district court found that it "is compelled to find that this motion is deemed confessed," because Campbell had failed to file a timely response to the motion to dismiss.[1] Also noting that "it appears that the Plaintiff has not filed a timely objection or appeal" to the magistrate's recommendation, the district court then ordered Campbell's action dismissed with prejudice. R. doc. 17.

The threshold question before us is whether Campbell's failure to file a timely objection to the magistrate's recommendation waives appellate review of the legal issues therein. "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). But "[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate." Id.

---

[1] Because it was a matter left to the district court's discretion under the relevant local rule, the court certainly could, but was not compelled, to deem the motion confessed. See W.D. Okla. LCvR7.1(e). Because the district court's order in no way suggests that it would have exercised its discretion otherwise had it not considered itself compelled, we conclude that even if the court understated the scope of its discretion under W.D. Okla. LCvR7.1(e), this would not constitute reversible error.

Upon review of the record and the applicable law, we conclude that the interests of justice exception does not apply to Campbell's claims. The magistrate's order clearly stated Campbell's responsibility to file timely objection and the consequences of failure to do so. Campbell's claim of ignorance of the deadline thus does not, absent more, require application of the interests of justice exception. Because we perceive no compelling reason to overlook the waiver, we affirm the district court's dismissal of Campbell's suit.

We note, however, that failure to object to the magistrate's conclusions does not necessarily waive the right to appeal the district court's decision to dismiss the claims <u>with</u> prejudice, a legal conclusion distinct from those in the magistrate's report. Campbell, however, does not raise a challenge to this particular issue on appeal.

We further note that the dismissal with prejudice of Campbell's claims for damages and injunctive relief under 42 U.S.C. § 1983 does not bar Campbell from seeking habeas corpus relief under 28 U.S.C. § 2254 on his unlawful detention claim. Claims seeking release from custody could not properly be brought under 42 U.S.C. § 1983 because, as the magistrate judge correctly noted, 28 U.S.C. § 2254 is the exclusive vehicle for challenging the fact or length of custody. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 n.14 (1973). Thus, the dismissal of

Campbell's § 1983 suit cannot serve as a preclusive decision on the merits of his claim for relief from unlawful detention.[2]

The judgment of the district court is hereby **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2]We express no view on the merits of such a potential habeas claim or whether it is otherwise procedurally barred.