**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

RICHARD EARL GRADY, JR.,

    Petitioner-Appellant,

v.

BOBBY BOONE,

    Respondent-Appellee.

No. 99-6142
(W.D. Okla.)
(D.Ct. No. 98-CV-1360)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Richard Earl Grady, a state inmate appearing *pro se*,[1] appeals the district court's decision denying his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. We deny Mr. Grady's request for a certificate of appealability and dismiss his appeal.[2]

The facts underlying Mr. Grady's conviction are set forth in *Grady v. State*, 947 P.2d 1069 (Okla. Crim. App. 1997). In short, a jury convicted Mr. Grady of murdering a nine-month old baby for whom he provided child care, and he received a life sentence without the possibility of parol. *Id.* at 1070. Mr. Grady appealed his conviction arguing: (1) the trial court erred in giving a jury instruction concerning the definition of "willful" because it did not require proof of "specific intent to injure"; (2) insufficient evidence existed to sustain his conviction; and (3) his trial attorney provided ineffective assistance in failing to call an expert witness at trial. *Id.* at 1070-72. The Oklahoma Court of Criminal

---

[1] While counsel represented Mr. Grady at the district court level, Mr. Grady brings this appeal *pro se*.

[2] We note that despite the State's original contention, we have jurisdiction in this case given Mr. Grady's timely filing of his notice of appeal, pursuant to the mail-box rule. *See* Fed. R. App. P. 4(c) (the notice of appeal of a prisoner appearing *pro se* is deemed filed when it is delivered to prison official for forwarding to the district court). Consequently, Mr. Grady's motion on jurisdiction is granted, in part, but denied as to his complaint on the untimeliness of the State's response, which the State timely filed after receiving Mr. Grady's brief.

Appeals affirmed his conviction, even though it found the jury instruction's definition of "willful" confusing because it did not require a finding of intent to injure. *Id.* at 1070. However, the state appellate court found the use of this instruction insufficient to require reversal because the trial court properly instructed the jury on the elements of child-abuse murder which included the requirement of intent to injure, and in the closing argument, the prosecutor told the jury several times it must find Mr. Grady intended to injure the child. *Id.* at 1071 & n.8. In affirming his conviction, the state appellate court also rejected Mr. Grady's other arguments concerning the sufficiency of the evidence and ineffective assistance of counsel. *Id.* at 1071-72.

Thereafter, Mr. Grady filed his federal habeas corpus petition under § 2254, raising the same three issues raised at the state level, and claiming the improper jury instruction violated his due process rights. The district court referred the petition to a magistrate judge who issued a Report and Recommendation in which he recommended denial of Mr. Grady's petition. On the jury instruction issue concerning the definition of "willful," the magistrate judge determined that under *Fairchild v. State*, 965 P.2d 391 (Okla. Crim App. 1998), the Oklahoma Court of Criminal Appeals no longer considers child-abuse murder–caused by the willful use of unreasonable force–a specific intent crime. In addition, the magistrate

judge determined: (1) the nature of the child's injuries support a conclusion they were caused by the unreasonable use of force, which would not require a finding of specific intent; and (2)"[t]he record also reflects that intent was simply not a critical issue in the trial of this case," given the trial court followed uniform jury instructions and applicable case law, and the proper elements of the charge were given.

As to the issue on the sufficiency of the evidence, the magistrate found the evidence, viewed in the light most favorable to the prosecution, supported the jury's finding of guilt beyond a reasonable doubt. Finally, the magistrate judge determined Mr. Grady's counsel did not act ineffectively in failing to call two witnesses, and even if counsel had been ineffective, Mr. Grady could not show prejudice in light of the compelling evidence against him.

After reviewing Mr. Grady's objections to the magistrate judge's Report and Recommendation, the district court held Mr. Grady waived all issues except the jury instruction issue because his objection centered only on that issue.[3] For

---

[3] The district court determined Mr. Grady raised only one other objection, contesting the sufficiency of the evidence. However, because Mr. Grady premised this short, conclusory objection solely on the jury instruction issue, the district court determined Mr. Grady's objection only duplicated the erroneous jury instruction issue. We agree, and for the same reason decline to address it on appeal, finding it resolved by

-4-

this reason, the district court declined to address the remaining issues raised in Mr. Grady's petition and addressed by the magistrate judge.

In addressing the jury instruction issue, the district court noted its disagreement with the magistrate judge's decision to follow *Fairchild*, in finding intent to injure is not an element of child-abuse murder when based on willful use of unreasonable force. While refusing to rely on *Fairchild*, the district court nevertheless determined Mr. Grady's due process argument must fail because he did not demonstrate either: (1) a complete failure of the trial court to instruct the jury on the essential element of the offense, or (2) a likelihood the defining instruction confused the jury as to the proof necessary to find he committed the crime charge. Specifically, the district court found the trial court correctly instructed the jury on the elements of child-abuse murder, including the prosecution's requirement to prove Mr. Grady willfully or maliciously injured the child. The district court noted the trial court also provided jurors an instruction on "malicious," defining it, in part, as a wish to "injure another person," and thereby providing the intent requirement. The district court also found no possibility of jury confusion because the prosecutor repeatedly told jurors in

our disposition on the jury instruction issue, as discussed *supra*.

closing argument they must find Mr. Grady intended to injure the nine-month-old child in order to convict him.

Finally, the district court determined no doubt existed as to Mr. Grady's intent to injure given the severity of the injuries sustained by the child,[4] and Mr. Grady's failure to claim he accidently wounded the child or allege facts showing he did not use force with an intent to injure. For these reasons, the district court found no reasonable likelihood the jury applied the jury instructions without a factual finding of the necessary intent required to convict Mr. Grady. Based on this, the district court concluded no due process violation occurred, adopted the magistrate judge's Findings and Recommendation as modified by its Order, and denied Mr. Grady's petition.

On appeal, Mr. Grady raises the same issues raised in his petition, and addressed by the magistrate judge. He also raises issues not raised before,

---

[4] The autopsy revealed bruises, skull fractures, a large subdural hematoma, a swollen brain, and extensive retinal hemorrhaging, consistent with the shaken baby syndrome and blunt force trauma. *Grady v. State*, 947 P.2d at 1070. The evidence also showed the injuries occurred during the time Mr. Grady cared for the child because the injuries she received would have caused immediate and unmistakable symptoms, such as blindness and an inability to eat, hold objects or respond in anyway, which no one noticed prior to Mr. Grady's sole care of the child. *Id.* at 1071-72.

including allegations: (1) officials investigating his crime violated the constitutional and civil rights of his family and used tainted evidence at a family-related hearing; and (2) the Oklahoma statutes on child-abuse murder are vague, confusing, contradictory and therefore, unconstitutional.

"In reviewing the denial of a habeas corpus petition, we review the district court's factual findings under a clearly erroneous standard, and its legal conclusions *de novo*." *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999) (citation omitted), *cert. denied,* 120 S. Ct. 944 (2000).

We may not grant habeas relief unless the state court's decision was:

"(1) ... contrary to, or involved an unreasonable application of, clearly established federal law ...; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* (quoting 28 U.S.C. §§ 2254(d)(1), (2)).

With these standards in mind, we begin by noting we will not consider issues not raised below. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). We thereby decline to address Mr. Grady's contentions concerning the alleged violation of his family's constitutional and civil rights during their interrogation and a family-related hearing, or his allegations

-7-

concerning the constitutionality of Oklahoma's statutes under which he received his conviction.

We next turn to a brief discussion on the issues raised by Mr. Grady concerning ineffective assistance of counsel and the sufficiency of evidence. We have adopted a "firm waiver rule" which provides that when a litigant, such as Mr. Grady, fails to file timely objections to a magistrate judge's report and recommendation, he waives appellate review on both legal and factual issues. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We will not apply this rule, however, when the interests of justice dictate, or when the magistrate judge's order does not inform a *pro se* litigant of the consequences of failing to object to the findings and recommendation. *Id.* In this case, the magistrate judge clearly advised Mr. Grady of the waiver consequences of failing to file his objections, and Mr. Grady does not claim, and we cannot find, any circumstance for which the interest of justice might dictate a review of the waived issues. For these reasons, we decline to address Mr. Grady's ineffective assistance of counsel and sufficiency of the evidence claims, other than to express, given the gravity of Mr. Grady's life sentence, that our initial review of those claims and thorough examination of the record shows they lack merit for substantially the same reasons articulated by the magistrate judge in the December 30, 1998 Report and

Recommendation.[5]

We next proceed to the jury instruction issue concerning the definition of "willful," which Mr. Grady raised in his objection and is properly before us. In so proceeding, we note that Mr. Grady did not object to the challenged instruction at trial and the state appellate court reviewed the issue for plain error. *Grady*, 947 P.2d at 1070. "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in a federal habeas corpus proceedings unless they are so fundamentally unfair as to deprive the petitioner of a fair trial and to due process of law." *Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999) (quotation marks and citations omitted). Thus, Mr. Grady's burden of demonstrating the erroneous instruction was so prejudicial as to support a collateral attack "is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). We further note the case of *Fairchild v. State*, on which the magistrate judge relied and the district court rejected, was withdrawn and reissued subject to future revision or withdrawal by the Oklahoma Court of Criminal Appeals. *See Fairchild v. State*, 992 P.2d 350, 1999 WL

---

[5] The magistrate judge's reasoning is further supported by the overwhelming evidence against Mr. Grady described in *Grady*, 947 P.2d at 1071-72, and his failure to show prejudice resulting from his attorney's failure to call an expert witness. *Id.* at 1072.

1138585 (Okla. Crim. App. 1999).  In this version of *Fairchild*, the Oklahoma Court of Criminal Appeals states that it must clarify its previous opinions, including its opinion in Mr. Grady's case,

> to specify that the "intent to injure" mentioned in those cases means only that general intent included within the terms "willfully" or "maliciously."  Thus the use of the term "willful" with "injure" ... does not require a specific intent to injure, but only a general intent, included in the term willfully, to commit the act which causes the injury.

*Id.* at *10.  Thus, under the current version of *Fairchild*, as in the previous version, the magistrate judge could reasonably determine specific intent is not a requirement.  However, given the precarious nature of the future disposition of *Fairchild*, we prefer to examine this case, as did the district court, without relying on *Fairchild* and its suggestion specific intent is not required.[6]  We note that in addressing this issue, the district court issued a well-reasoned decision explaining in sufficient detail why the erroneous instruction at Mr. Grady's trial did not result in jury confusion, or ultimately, denial of due process, even if specific intent is required.  Our review of the record establishes the challenged jury instruction, at most, constituted harmless error for substantially the same reasons articulated by the district court in its February 2, 1999 Order, and for that reason

---

[6] By so doing, we also eliminate Mr. Grady's argument *Fairchild* cannot be applied retroactively to his case.

-10-

we decline to articulate the same analysis here, other than to submit no due process violation occurred triggering 28 U.S.C. §2253. Thus, under the circumstances presented, we conclude Mr. Grady fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). For these reasons, we deny Mr. Grady's application for a certificate of appealability and **DISMISS** his appeal.[7]

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[7] We also deny Mr. Grady's motion to supplement his brief, noting its contents do not change the outcome of his appeal. We further deny Mr. Grady's motion to supplement the record. A review of the motion and the attached exhibits show the evidence submitted: (1) is unrelated to this case and involves other family-related incidents and proceedings; (2) was not admitted into evidence, and not shown to be relevant or undiscoverable; or (3) involves issues previously waived, including ineffective assistance of counsel, and constitutes inconclusive evidence not lending support to Mr. Grady's case.