**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHRISTOPHER HILL,

　　　　Petitioner - Appellant,

v.

DAYTON J. POPPELL, Warden,

　　　　Respondent - Appellee.

No. 01-6080
(D.C. No. 00-CV-1513-W)
(W.D. Oklahoma)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , **McKAY** , and **MURPHY** , Circuit Judges.

---

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*　　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Christopher Hill is before this court seeking a certificate of appealability (COA) and requesting in forma pauperis status. Until Hill obtains a COA, he cannot appeal the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A).

After a jury trial, Hill was convicted in Oklahoma state court of one count of illegal trafficking in controlled dangerous substances (crack cocaine) and sentenced to ten years' imprisonment and a fine of $25,000. On direct appeal, the Oklahoma Court of Criminal Appeals rejected Hill's argument that the evidence was insufficient to support his conviction, and affirmed the judgment and sentence of the trial court. Hill then filed the instant § 2254 habeas petition, reasserting his insufficient evidence argument.

In a thorough report and recommendation, the magistrate judge reviewed the trial evidence, then analyzed Hill's application under the standard set out in § 2254(d). The magistrate judge recommended denial of the petition, in that the asserted claim had been adjudicated on the merits and the state court adjudication had not

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.*; *see also Williams v. Taylor*, 529 U.S. 362, 379-91 (2000) (discussing and explaining the double-pronged § 2254(d) standard).

When Hill failed to file objections to the magistrate judge's recommendation within the allotted time, the district court adopted the report and recommendation, denied the petition for habeas corpus, and entered judgment in favor of respondent. In his application for a COA, Hill asserts that he did not object to the magistrate judge's report and recommendation because he did not receive a copy of it through the prison mail system. While this court has a firm waiver rule, under which the failure to make timely objection to the magistrate's findings or recommendation waives appellate review of both legal and factual issues, we need not apply the rule when the interests of justice dictate otherwise. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We believe the interests-of-justice exception is applicable here, and, accordingly, we turn to an evaluation of the issues raised in Hill's habeas petition.

Hill is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejected the asserted constitutional claims on the merits, Hill "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the questions presented deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

This court has reviewed Hill's combined request for a COA, motion to proceed in forma pauperis, and appellate brief; the magistrate judge's order; and the entire record before us (including the transcript of Hill's jury trial). That review demonstrates that the issues raised in Hill's § 2254 habeas petition are not debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. Hill's request for a COA is DENIED for substantially those reasons set forth in the magistrate judge's order dated January 16, 2001. The motion to proceed in forma pauperis is also DENIED, and this appeal is DISMISSED.

Entered for the Court

Michael R. Murphy
Circuit Judge