**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ALVIN D. ESNAULT,

       Plaintiff-Appellant,

v.

JOHN SUTHERS; DONA
ZAVISLAN; JEFF REVORD;
SCOTT DUDEN; ROBERT
FURLONG, each in their individual
capacity, singularly, jointly and
severally,

       Defendants-Appellees.

No. 02-1298
(D.C. No. 01-B-15 (PAC))
(D. Colo.)

---

ORDER AND JUDGMENT *

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Alvin Esnault, Jr., appeals from the district court's rulings dismissing civil rights claims arising out of his termination from the religious diet program at the Sterling Correctional Facility. His complaint alleged violations of his First Amendment right to the free exercise of his religion and his Eighth Amendment right to be free of cruel and unusual punishment, and sought both injunctive relief and monetary damages. He was later allowed to amend his complaint to include claims under the Religious Land Use and Institutionalized Persons Act and a Colorado statute. Defendants filed a motion to dismiss, which the magistrate judge converted into a motion for summary judgment. After briefing, the magistrate judge issued her recommendation to dismiss all of plaintiff's claims except his injunctive claims against defendant s Furlong and Zavislan. The parties were given ten days to file objections.

Plaintiff failed to timely file objections to the magistrate judge's April 16, 2002, recommendation. Defendant s did object within the deadline, contending that any equitable claims remaining should be dismissed as moot because plaintiff had been reinstated to the religious diet program several months earlier. On May 6, 2002, the district court issued its first order, noting plaintiff's failure to file timely objections, and dismissing all claims except the injunctive claims

against defendant s Furlong and Zavislan. As to these claims, the district court allowed plaintiff another ten-day period to file objections to defendant s' argument that the claims should be dismissed as moot. On May 9, 2002, plaintiff filed both objections to the magistrate judge's recommendation and a response to the defendant s' objections. After reviewing plaintiff's objections as to the remaining equitable claims de novo, the district court dismissed those claims on mootness grounds.

On appeal, plaintiff challenges the district court's rulings on all of his claims. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. Our review, however, is limited to the district court's dismissal of plaintiff's injunctive claims against defendant s Furlong and Zavislan. Because plaintiff did not timely file objections to the magistrate judge's recommendation, and because he does not demonstrate just cause for his untimeliness, he has waived appellate review of those issues and arguments. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). We review de novo the district court's dismissal of plaintiff's injunctive claims as moot, "as a matter of federal jurisdiction." *F.E.R. v. Valdez*, 58 F.3d 1530, 1532-33 (10th Cir. 1995).

Plaintiff does not present arguments on the district court's ruling that his injunctive claims are moot. He does contend that the district court abused its discretion in failing to rule on his motion for injunctive relief for over a year,

and requests a reimbursement of funds in connection with his suit. These arguments lack merit. Further, our *de novo* review of the record on appeal leads us to agree with the district court's conclusion that the injunctive claims were mooted by plaintiff's reinstatement to the religious diet program. Therefore, the district court correctly dismissed these claims. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge