FILED
United States Court of Appeals
Tenth Circuit

December 14, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FLOYD MARKHAM, JR.,

    Plaintiff-Appellant,

v.

HECTOR RIOS, JR.; CHRISTINE
THOMAS; VICKI HARLESS, DDA;
JOE ALLBAUGH; FNU, LNU,
Division Manager; FNU LNU,
Contract Monitor; FNU LNU, Medical
Monitor; DAVID CINCOTTA,

    Defendants-Appellees.

No. 20-6094

(D.C. No. 5:18-CV-1247-G)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK,** and **CARSON**, Circuit Judges.[**]

    Plaintiff Floyd Markham appeals the district court's dismissal of his civil

rights complaint without prejudice for failure to effect service in a timely manner.

Our jurisdiction arises under 28 U.S.C. § 1291.  We dismiss the appeal.

---

    [*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining Plaintiff's brief and the appellate record in its entirety, this
panel has determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument.

Plaintiff is an inmate at an Oklahoma correctional center. He brought this *pro se* action against several correctional personnel alleging violations of both federal and state law as a result of medical treatment he received involving a broken molar. The district court dismissed several of Plaintiff's claims. What then remained were Plaintiff's state law medical negligence claims against Defendants Rios, Thomas, and Harless, and his federal deliberate indifference claim against Defendant Harless. But none of the remaining three Defendants had yet been served. A magistrate judge entered an order instructing Plaintiff to serve the remaining Defendants in accordance with Fed. R. Civ. P. 4. In that order, the magistrate judge cautioned that "[s]ervice must be complete within ninety (90) days from the date of this Order [and that] failure to achieve service within that time frame could result in the court dismissing the action."

The United States Marshals Service attempted to serve summons on each of the three Defendants, but the summons were returned unexecuted. After ninety days elapsed, the magistrate judge ordered Plaintiff to show cause why no service had been made. When Plaintiff failed to respond to the show cause order, the magistrate judge issued a "Report and Recommendation" (R&R) recommending Plaintiff's complaint be dismissed without prejudice based on failure to effect service. The magistrate judge advised Plaintiff of his right to file a timely objection to the R&R and further advised him "that failure to make a timely objection to the [R&R] waives the right to appellate review of both factual and legal questions contained therein.

2

*See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)." The district judge adopted the magistrate judge's R&R and dismissed what remained of Plaintiff's complaint without prejudice. Plaintiff appealed.

On appeal, Plaintiff says that *after* the district court dismissed his complaint he learned Defendants were "perpetrating fraudulence [sic] and subterfuge to prevent lawful process." Plaintiff informs us that he

> has exhausted all of his remedies including his personal ability to locate and serve the named Defendants. Petitioner has previously filed a motion for partial discovery in [an] attempt to obtain contact information for forwarding to the U.S. Marshal's Office in aid of effecting service of process. Petitioner, being an incarcerated inmate, has very limited resources available to him for obtaining personal information of prison employees. Petitioner's "Motion For Relief From Final Judgment" is currently pending [before the district court]. This being the basis for this appeal.

In fact, Defendant has three nearly identical post-judgment motions pending before the district court, the first of which he filed thirty days after entry of judgment. Defendant describes those motions to us as Fed. R. Civ. P. 60(b) motions based on newly discovered evidence.[1]

---

[1] An order of the clerk of court entered October 6, 2020 notes the filing of these motions and concludes: "None of these motions appear to toll the time to appeal under Fed. R. App. P. 4(a)(4)(A) because they were not filed within 28 days of the final judgment. [*See* Fed. R. Civ. P. 59]. Accordingly, abatement of this appeal to allow the district court to dispose of the pending motions is not required."

Under controlling Tenth Circuit precedent, *see, e.g.*, *Moore*, 950 F.2d at 659, Plaintiff has waived his right to appeal the district court's dismissal of his complaint because he failed to timely object to the magistrate judge's R&R. Accordingly, we must dismiss this appeal. Because Plaintiff's Rule 60(b) motions asking the district court to reinstate his complaint based on newly discovered evidence remain pending, we shall remand so the district court may consider those motions in the first instance.

Accordingly, Plaintiff's motion to proceed on appeal *in forma pauperis* is GRANTED. This appeal is DISMISSED and this case REMANDED for adjudication of Plaintiff's Rule 60(b) motions.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

4