F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUL 3 2002**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD LEE MCFADDEN,

    Defendant - Appellant.

No. 01-6373
(D.C. No. CIV-00-952-L,
CR-97-142-L)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Edward McFadden appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, which he filed pursuant to 28 U.S.C. § 2255.  McFadden raises two issues on appeal: (1) ineffective assistance of trial counsel and (2) that his sentence runs afoul of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).  We reject both arguments.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

McFadden pled guilty to various drug charges and was sentenced to concurrent terms of imprisonment totaling thirty years, a sentence that was affirmed on direct appeal. See United States v. McFadden, 182 F.3d 934, 1999 WL 333092 (10th Cir. May 26, 1999) (unpublished). The Presentence Report (PSR) attributed over one hundred kilograms of cocaine and cocaine base to McFadden and recommended a four level enhancement for his leadership role in the offense. See id., at *1. McFadden's trial counsel initially lodged a number of objections to the PSR, the majority of which contested the quantity of drugs attributed to McFadden, as well as objections to the leadership enhancement and denial of a reduction for acceptance of responsibility. At the sentencing hearing, McFadden's counsel withdrew all objections except the ones pertaining to the leadership enhancement and the denial of a reduction for acceptance of responsibility. (Dist. Ct. Ord. at 2.)

In this appeal, McFadden's ineffective assistance of counsel claim is threefold. First, he claims that ineffective assistance of counsel contributed to the district court's denial of a reduction for acceptance of responsibility, claiming that counsel's withdrawal of objections at sentencing led the district court to believe that the objections "were not legitimate." (Aplt Br. at 4.) Second, McFadden claims that counsel's withdrawal of objections to drug quantity resulted in him receiving a sentence for a quantity of drugs that the government

failed to prove. Finally, McFadden makes general claims that he received ineffective assistance of counsel, asserting that counsel failed to apprise him of the consequences and outcome of entering a guilty plea, failed to investigate potential defenses, and failed to advise him of the consequences of filing certain objections to the PSR.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). McFadden has failed to demonstrate prejudice with respect to his first two ineffective assistance claims, and has not shown deficient performance with respect to his third.

The district court based its denial of a reduction for acceptance of responsibility on numerous factors, including "(1) McFadden's continuing criminal activity until his arrest, despite outstanding indictments; (2) his unfounded and extensive objections to drug quantities in the PSR, which 'were withdrawn only after Defendant and Counsel realized that it may affect their acceptance of responsibility;' and (3) his unsupported, 'continual objection' to his 'role in the offense.'" McFadden, 1999 WL 333092, at *3 (quoting district court's decision). On direct appeal, we rejected McFadden's argument that the district

court erred in denying him a reduction for acceptance of responsibility. See id., at *3-*4. Given the factors on which the district court based its decision, McFadden has not demonstrated a reasonable probability that but for counsel's withdrawal of objections to drug quantity, the performance of which he complains, he would have received the reduction.

Similarly, McFadden has not shown a reasonable probability that but for counsel's withdrawal of objections to drug quantity, he would have received a sentence based on a lower quantity of drugs. The testimony of a government witness and McFadden's admissions established that McFadden was responsible for the distribution of more than 150 kilograms of cocaine powder. (Dist. Ct. Ord. at 5.) Given this evidence of drug quantity, McFadden has not demonstrated how he was prejudiced by counsel's withdrawal of objections.

Finally, McFadden provides no factual support for his allegations of ineffective assistance relating to the consequences of entering a guilty plea and lodging certain objections to the PSR. For example, he does not contend that he involuntarily entered such a plea, nor has he provided this court with a transcript of the plea proceedings to show that he unknowingly waived his right to a jury trial. "A defendant making an ineffectiveness claim on a counseled guilty plea must identify particular acts and omissions of counsel tending to prove that counsel's advice was not within the wide range of professional competence."

Moore v. United States, 950 F.2d 656, 660 (10th Cir. 1991).  Because McFadden

has not made such a showing, his claim must fail.

McFadden's Apprendi claim, raised for the first time in his § 2255 motion,

proves to be as unfruitful as his ineffectiveness claims.  We have held that

Apprendi "is not a watershed decision and hence is not retroactively applicable to

initial habeas petitions."  United States v. Mora, --- F.3d ---, 2002 WL 1317126,

at *4 (10th Cir. June 18, 2002).  Accordingly, McFadden's Apprendi claim fails.

We DENY a certificate of appealability and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge