**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN RAY ROMACK,

      Petitioner - Appellant,

v.

MIKE MULLIN, * Warden, Oklahoma
State Penitentiary; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 01-5203
D.C. No. 99-CV-41-B
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** **

---

Before **KELLY** , **McKAY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     Mike Mullin replaced Gary Gibson as Warden of the Oklahoma State
Penitentiary effective March 25, 2002.

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Following a jury trial, appellant Steven Ray Romack was convicted of two counts of sexual abuse of a child. On direct appeal, the Oklahoma Court of Criminal Appeals reduced his sentence but otherwise affirmed his conviction. Mr. Romack, proceeding pro se, sought habeas relief under 28 U.S.C. § 2254. The magistrate judge recommended denying relief; Mr. Romack did not file any objection. The district court entered a summary order adopting the report and recommendation. Mr. Romack now seeks a certificate of appealability (COA) from this court under 28 U.S.C. § 2253.

A threshold issue is whether Mr. Romack has waived his right to challenge the magistrate judge's findings and conclusions because he failed to object to the report and recommendation. This circuit follows a firm waiver rule in such circumstances. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). In the case of pro se litigants, the waiver concept applies only if the pro se party was given adequate notice of the consequences of the failure to object. *See id*. Further, waiver may be disregarded if the interests of justice so require. *See id*.

The magistrate judge's warning in this case was sufficient to advise Mr. Romack of the potentially serious consequences of a failure to object. The report and recommendation advised that a party's failure to object "may bar the

party . . . from appealing any . . . factual or legal findings." R. Pleading Vol., Doc. 16 (May 11, 2000 Report and Recommendation) at 12. This language would place a reasonable person on notice that he or she should take action to protect the right to appeal.

Upon review of Mr. Romack's arguments and the record, we further conclude that application of the waiver rule would not be contrary to the interests of justice.

Accordingly, COA is DENIED and the appeal DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge