**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GILBERT D. DAVIS, individually, as
a class of one, and as a member of a
protected class,

          Plaintiff-Appellant,

v.

BILL OWENS, Honorable,
individually and in his official
capacity as Governor and Chief
Executive Officer of the State of
Colorado; JEFFREY M. WELLS,
individually and in his official
capacity as the Executive Director of
the Department of Labor and
Employment of the State of Colorado,
also in his official capacity as the
present Executive Director of the
Department of Personal &
Administration of; DAVID PEARSON
CAIN, individually and in his official
capacity as an Industrial Claim
Appeals Examiner of the State of
Colorado; KATHY ESTHER DEAN,
individually and in her official
capacity as an Industrial Claim
Appeals Examiner of the State of
Colorado; MARY ANN WHITESIDE,
individually and in her official
capacity as the Director of the
Division of Workers' Compensation in
the Department of Labor and
Employment of the State of Colorado,
also in her individual capacity as the
Administrator of the Sequent Injury

No. 05-1396

(D.C. No. 04-CV-1966-REB-CBS)

(D. Colo.)

Fund of; TROY ANDREW EID, individually and in his official capacity as the Former Executive Director of the Department of Personnel & Administration of the State of Colorado; MICHAEL STUART WILLIAMS, individually and in his official capacity as the Director of the Division of Administrative Hearings in the Department of Personnel & Administration of the State of Colorado; MARSHALL AVRUM SNIDER, Administrative Law Judge, individually and in his official capacity as the Deputy Chief Administrative Law Judge, and as a member of the senior management team of the Division of Administrative Hearings in the State of Colorado; EDWIN LESTER FELTER, JR., Senior Administrative Law Judge, SNIDER, Administrative Law Judge, individually and in his official capacity as an employee of the Division of Administrative Hearings in the State of Colorado; LISA ANN COUGHLIN, Administrative Law Judge, individually and in her official capacity as an employee of the Division of Administrative Hearings

of the State of Colorado; LUIS ALBERTO CORCHADO, Former Administrative Law Judge, individually and in his official capacity as a former employee of the Division of Administrative Hearings of the State of Colorado; CAROLYN SUE PURDIE, Prehearing Administrative Law Judge, individually and in her official capacity as an employee of the Dispute Resolution Section of the Division of Workers' Compensation, in the Department of Labor and Employment of the State of Colorado; MICHAEL E. HARR, Administrative Law Judge, individually and in his official capacity as an employee of the Division of Administrative Hearings of the State of Colorado; HOKE CONWAY GANDY, Former Administrative Law Judge, individually and in his official capacity as a retired employee of the Division of Administrative Hearings of the State of Colorado; CASUALTY RECIPROCAL EXCHANGE, also known as Meadowbrook Insurance Company, also known as Dodson Management Corporation, Subscribers At., a Missouri Corporation; LYNN D. PETERSON, "of counsel" for McCrea & Buck LLC; McCREA & BUCK LLC; JAMES E. MORLAN, individually and as the Owner and Operator of Morlan & Company; MORLAN & COMPANY; JAMES STANTON CASEBOLT, Honorable Judge, in his official capacity as a

Judicial Officer of the Court of
Appeals of the State of Colorado;
ARTHUR P. ROY, Honorable Judge,
in his official capacity as a Judicial
Officer of the Court of Appeals of the
State of Colorado; SANDER J. HUGH
ORENT, MD, personally as an
employee and as an Officer/Member of
Arbor Occupational Medical Services,
P.C.; ARBOR OCCUPATIONAL
MEDICAL SERVICES, P.C.;
MICHAEL R. STRIPLIN, MD,
personally as an employee and as an
Officer/Member of Colorado
Occupational Medicine Physicians,
P.C.,

              Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ordered submitted without oral argument.

Petitioner is a pro se litigant who filed for damages and injunctive relief under 42 U.S.C. §§ 1981 and 1983. He suffered a work-related knee injury on November 21, 1989, for which he was awarded workers' compensation benefits in December 1990. The claim was closed in 1992. In September 1994, he sought to reopen his claim to obtain additional workers' compensation benefits based on the consequences of an infection he allegedly sustained after surgery on his knee. Petitioner has sought review by administrative law judges, the Denver District Court, and the Colorado Court of Appeals. He filed this pro se action in the United States District Court of the District of Colorado in September 2004. Petitioner's complaint named twenty-five defendants, including the Governor of Colorado, two judges of the Colorado Court of Appeals, members of the Industrial Claims Appeals Office, various administrative law judges who were involved in Petitioner's underlying workers' compensation proceeding, his employer's worker's compensation insurer and the law firms that represented it in the underlying worker's compensation proceeding, and two physicians who examined Petitioner in the underlying worker's compensation proceeding and their professional corporations. Petitioner alleges violation of his constitutional rights in relation to his workers' compensation benefits.

The district court dismissed Petitioner's complaint for lack of subject

matter jurisdiction, based on the *Rooker-Feldman* doctrine. The magistrate judge explained that "[w]hile [Petitioner] characterizes his claims as seeking declaratory relief and compensation for violation of his constitutional rights and § 1981, [his] claims really seek to bar enforcement of several orders issued by a Colorado administrative agency and the Colorado Court of Appeals." Recommendation of United States Magistrate Judge, 8 (D. Colo. June 3, 2005). The court stated that Petitioner is "asking a federal court to do precisely what *Rooker-Feldman* prohibits: to undo the effect of the state court judgment." *Id.* at 9 (internal quotation omitted). The magistrate judge's recommendation was adopted by the district court on July 28, 2005.

Although Petitioner seeks our review of the district court's order, we decline because Petitioner did not object to the magistrate judge's findings and recommendations within the appropriate time. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). While this waiver rule generally does not apply to pro se litigants, it does apply here as Petitioner was adequately warned of the filing requirements by the magistrate judge. *See* Recommendation, 13-14.

We consequently DISMISS Petitioner's appeal.[1]

Entered for the Court

---

[1] We grant Petitioner's motion to supplement the record on appeal but deny all other pending motions.

-6-

Monroe G. McKay
Circuit Judge