**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 7, 2007**

**TENTH CIRCUIT**

HARRY LEE MADDOX,

        Plaintiff-Appellant,

v.

ALBERT J. HOCH, JR., Court
Appointed Attorney; RANDY EVERS,

        Defendants-Appellees.

No. 07-6088

(W.D. Oklahoma)

(CIV-07-119-M)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Harry Maddox, a state prisoner proceeding pro se, filed this 42 U.S.C. §

1983 action seeking damages and a reduced sentence. He also seeks to proceed in

forma pauperis ("IFP"). Mr. Maddox argued that his appointed attorneys, acting

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

under the color of state law, provided ineffective assistance of counsel. The magistrate judge recommended a sua sponte dismissal of the case, because the appointed defense attorneys were not acting under the color of state law. The magistrate judge also observed that Mr. Maddox did not allege that his counsel willfully participated in a joint action with the State or its agents in violating his constitutional rights. Mr. Maddox did not object to the recommended dismissal, and the district court summarily adopted the recommendation and dismissed the claim. Mr. Maddox appeals, and we affirm.

## I. DISCUSSION

### A. Waiver of appellate review

"[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under our "firm waiver rule," a party who fails to file timely objections to a magistrate judge's report and recommendation waives appellate review. *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (internal quotation marks omitted).

The firm waiver rule, however, does not apply (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences for failing to do so, (2) when the interests of justice warrant, or (3) when the party that failed to object makes a showing of plain error. *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006); *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119

(10th Cir. 2005); *Wirsching*, 360 F.3d at 1197. Mr. Maddox maintains that he did not receive notification of the Report and Recommendation, and he attached a document that he maintains is the Oklahoma State Reformatory mail log for the months of March and April 2007, which indicates the only correspondence he received from the district court was the order dismissing his complaint. Because Mr. Maddox makes a colorable claim that he did not receive notice of the time period for filing an objection, we will address the merits.

B. Merits

We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). We agree with the magistrate judge's conclusion that "[i]t is well-established that a public defender does not act on behalf of the state when defending a criminal prosecution." Rec. doc. 7, at 3 (Magis. Judge's Report and Rec. March 8, 2007) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). For substantially the same reasons as provided by the magistrate judge, we affirm the district court's dismissal of Mr. Maddox's § 1983 complaint on the grounds that his appointed counsel was not a state actor. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Maddox's complaint, and we DENY his motion to proceed IFP.

Entered for the Court,

ROBERT H. HENRY
Circuit Judge