FILED
United States Court of Appeals
Tenth Circuit

March 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BYRON KYLE GAY,

       Plaintiff-Appellant,

v.

DANNY ROJAS; KRIS KRONCKE;
JOHN DOES 1-5,

       Defendants-Appellees.

No. 12-1324
(D.C. No. 1:11-CV-03128-WJH-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Byron Kyle Gay, proceeding pro se, appeals from the dismissal of his

42 U.S.C. § 1983 complaint seeking relief for alleged violations of his rights under

the Fourth and Fourteenth Amendments to the Constitution. He also seeks leave to

proceed in forma pauperis (IFP). Gay's complaint is based upon a November 28,

2008, incident, but he did not file the underlying complaint until December 1, 2011.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The magistrate judge recommended Gay's complaint be dismissed because it was filed outside of the two-year statute of limitations for civil rights claims. Gay did not file objections to the recommended dismissal, and the district court adopted the recommendation and dismissed the complaint. Gay then filed a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, contending the prison mailroom improperly marked the mail containing the magistrate judge's report and recommendation (R&R) as "refused" and returned it to the court. Since he had no knowledge of the refusal and return, he claims to have been prevented, through no fault of his own, from filing timely objections to the R&R. The district court denied the Rule 60(b) motion. Gay appeals from the denial of his Rule 60(b) motion and the dismissal of his complaint. We affirm.

In his Rule 60(b) motion and on appeal, Gay contends the district court inappropriately denied his request to file belated objections to the R&R. He presents an arguable case, but we need not decide the issue because the district court did not base its denial solely on a waiver rationale, explaining:

> More importantly, . . . Plaintiff has had an opportunity to put forth his position on the limitations issue. Plaintiff filed an opposition to Defendants' Motion to Dismiss in which he set forth his argument as to why his claims are not barred by the statute of limitations. Plaintiff also submitted evidence in support of his argument. Before adopting Magistrate Judge Hegarty's Recommendation, the Court considered both Plaintiff's arguments and evidence but did not find either persuasive.

R. at 119 (record citations omitted). In essence the district court looked past the technical problems to the merits (including the statute-of-limitations issue). It

- 2 -

considered Gay's evidence and arguments (which were already before the court) with respect to those issues.  Since Gay has fully aired his arguments in the district court and again on appeal, we will take the most expedient path to a resolution of this matter by conducting a de novo review.[1]

Gay complains about the dismissal of his complaint on statute-of-limitations grounds and the denial of his request to amend his complaint to add the City of Denver as a defendant.  He also argues the merits of his underlying complaint, asserting his constitutional rights were violated.  With regard to these arguments, we affirm for substantially the same reasons stated in the "Recommendation of United States Magistrate Judge" filed June 12, 2012, and the district court's order adopting the recommendation filed July 9, 2012.

We grant Gay's motion to proceed IFP on appeal, but doing so only relieves him of prepayment, 28 U.S.C. § 1915(a), it does not excuse him from paying the filing and docketing fees in full.  He is obligated to continue making partial payments until all fees are paid.

---

[1]  "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  Under our firm waiver rule, "failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.*  The firm waiver rule, however, does not apply (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences for failing to do so, (2) when the interests of justice warrant, or (3) when the party that failed to object makes a showing of plain error. *See Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006).  The exceptional facts of this case warrant departure from normal practice.

AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge