FILED
United States Court of Appeals
Tenth Circuit

February 20, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARK ANTHONY BARNETT,

Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent - Appellee.

No. 13-6172
(D.C. No. 5:10-CV-00153-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **ANDERSON**, Circuit Judges.

Mark Anthony Barnett appeals the district court's denial of his petition for

habeas corpus brought under 28 U.S.C. § 2254. Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253, we affirm.

## I. BACKGROUND

Mr. Barnett was convicted of two counts of first degree murder for the

shooting deaths of Stanley Johnson and Beverly Meadows. He was sentenced to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concurrent terms of life imprisonment, one of which is without the possibility of parole.

At his trial, the government presented evidence that Mr. Barnett got into a physical altercation with Mr. Johnson at Mr. Johnson's home, shot him, and then shot Ms. Meadows. A friend of Mr. Johnson's, Jerry Leslie, testified that he saw a black male fighting with Mr. Johnson and shoot a pistol into the floor, during which time he also saw Andre Hutson and Lincoln Edmundson go outside during the fight. Mr. Leslie could not identify the shooter but Mr. Edmundson, along with three other witnesses, identified Mr. Barnett as the one who shot Mr. Johnson. Mr. Edmundson also testified that while he was outside, he heard the shooting stop, saw Mr. Barnett emerge from the house, get another gun from Mr. Hutson, and then go back into the house to shoot Ms. Meadows.

Mr. Barnett was represented by retained counsel throughout the trial court proceedings. He testified in his own defense, which focused on Mr. Barnett's state of mind instead of his identity as the shooter. Mr. Barnett testified that he had taken several drugs the night of the shootings and thus claimed he could not have had the mens rea sufficient for a first degree murder conviction. The jury was not convinced, however, and convicted Mr. Barnett of first degree murder but spared him the death penalty.

After an unsuccessful direct appeal while represented by appointed counsel, Mr. Barnett filed a petition for post-conviction relief in state court. Among other

claims, he alleged his trial and appellate attorneys provided ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668 (1984) (a defendant is entitled to relief for ineffective assistance of counsel in violation of his Sixth Amendment rights if he shows (1) his counsel's performance fell below an objective standard of reasonableness; and (2) his counsel's deficient performance gives rise to a reasonable probability that, but for his counsel's ineffectiveness, the result of the proceeding would have been different). Mr. Barnett particularly alleged that both his trial and appellate attorneys failed to utilize information that a trial witness, Sherry Ellis, gave to investigators showing Mr. Barnett may not have been the shooter.[1] He claimed that his trial attorney failed to question Ms. Ellis at trial about the statement she gave to investigators, depriving him of the opportunity to question the credibility of Mr. Edmundson's testimony and otherwise present evidence to the jury that he was not the shooter.

The state trial court denied Mr. Barnett's petition. The court found that Mr. Barnett's claim for ineffective assistance of trial counsel was procedurally barred because he failed to raise the issue on direct appeal and was otherwise without merit.

---

[1] Mr. Barnett identifies three of Ms. Ellis' comments: (1) she stated that she saw Mr. Edmundson leave the house with a small silver gun, which conflicts with Mr. Edmundson's testimony that he left the house with a shotgun (the small silver gun more closely resembled the murder weapon); (2) she stated that as she drove away from the scene, she saw an unknown person fighting with Mr. Johnson and identified a picture of Mr. Hutson's brother as the person fighting; and (3) she reported that she heard Mr. Johnson was killed because he was a witness to a previous murder (as opposed to trial testimony that showed the fight started over a thrown beer can).

The court found that Mr. Barnett's ineffective assistance of appellate counsel claim did not meet the test outlined in *Strickland*. The Oklahoma state court of appeals affirmed the trial court's conclusion that Mr. Barnett's trial counsel claim was procedurally barred and that his appellate counsel claim lacked merit.

Mr. Barnett then brought his current § 2254 petition in federal court and requested an evidentiary hearing. The district court decided that his ineffective assistance of trial counsel claim was not procedurally barred but denied both ineffective assistance claims on their merits. The court denied Mr. Barnett's request for an evidentiary hearing on those claims because it found he could not satisfy either prong of the *Strickland* test. Mr. Barnett now appeals to this court, having been granted a certificate of appealability by the district court on his claim for ineffective assistance of trial counsel.

## II.    DISCUSSION

Before addressing the merits of Mr. Barnett's appeal, we must first consider our standard of review. The government contends that the Supreme Court's decision in *Harrington v. Richter*, 131 S. Ct. 770 (2011), requires us to grant deference under 28 U.S.C. § 2254(d) to the state court decision denying Mr. Barnett's claim. *See* 28 U.S.C. § 2254(d) (habeas corpus shall not be granted on a claim adjudicated on the merits in state court unless the state court's decision involved an unreasonable application of federal law or an unreasonable determination of the facts). In *Richter*, the Court emphasized that § 2254(d) demands great deference because a state court's

- 4 -

denial of habeas relief on the merits precludes federal habeas relief "so long as fairminded jurists could disagree on the correctness of the state court's decision." 131 S. Ct. at 786 (internal quotation marks omitted).

However, contrary to the government's contention, § 2254(d) deference is inappropriate here. While the Oklahoma trial court found that Mr. Barnett's ineffective assistance of trial counsel claim was procedurally barred *and* lacked merit, the state court of appeals affirmed only the trial court's conclusion that Mr. Barnett's claim was procedurally barred. Thus, the last reasoned state court decision did not decide the merits of Mr. Barnett's claim and § 2254(d) therefore does not apply. *See, e.g., Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (holding that "when a state collateral review system issues multiple decisions, we typically consider the last reasoned opinion on the claim" (internal quotation marks omitted)); *see also Smith v. Lopez*, 731 F.3d 859, 871 (9th Cir. 2013), *petition for cert. filed* (U.S. Feb. 5, 2014) (No. 13-946). Further, the district court below ruled that Mr. Barnett's claim was not, in fact, procedurally barred.[2] "If a claim was not resolved by the state courts on the merits and is not otherwise procedurally barred . . . we review the district court's legal conclusions de novo and its factual

---

[2] Specifically, the district court noted that the government did not challenge the magistrate judge's finding that Mr. Barnett's claim was not procedurally barred and thus waived the issue. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

findings, if any, for clear error." *Cole v. Trammell*, 735 F.3d 1194, 1200 (10th Cir. 2013).

On appeal, Mr. Barnett argues that the district court erred in failing to grant him an evidentiary hearing on his ineffective assistance of trial counsel claim. Mr. Barnett is entitled to an evidentiary hearing only if "his allegations, if true and not contravened by the record, would entitle him to habeas relief." *Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). Mr. Barnett's entitlement to relief is governed by the two part *Strickland* test, which requires that he demonstrate (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) there is a reasonable probability that, but for his counsel's deficient performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. Mr. Barnett must also overcome the presumption of reasonableness afforded to trial counsel. *Mayes*, 210 F.3d at 1288.

Mr. Barnett contends that his trial counsel was constitutionally deficient because he failed to use at trial the statements Ms. Ellis gave to police shortly after the shootings. Had he done so, Mr. Barnett asserts, the jury could have heard testimony about an alternate theory of defense that Mr. Barnett did not shoot the victims at all. Mr. Barnett particularly focuses on the missed opportunity to use Ms. Ellis' statements to impeach Mr. Edmundson's identification of Mr. Barnett as the shooter. He also alleges that his counsel should have used Ms. Ellis' statements to challenge Mr. Edmundson's testimony that Mr. Edmundson was carrying a

shotgun the night of the shooting instead of a gun that more closely resembled the murder weapon.

We are not convinced Mr. Barnett has shown entitlement to habeas relief under *Strickland*. Mr. Barnett's attorney's entire trial strategy was not to deny Mr. Barnett was the shooter but rather to undermine the state of mind element—through a voluntary intoxication defense—required for a first degree murder conviction. If his attorney had challenged Mr. Edmundson on cross-examination about the identity of the shooter, such impeachment would have been incongruent with Mr. Barnett's overall defense. Using Ms. Ellis' testimony would thus only be useful if Mr. Barnett's counsel's trial strategy was completely different. But Mr. Barnett's allegations about the utility of Ms. Ellis' statements, even if true, hardly amount to the kind of evidence that demanded an entirely different strategy and made his counsel's original strategy unreasonable. Given the substantial evidence that Mr. Barnett was indeed the shooter and in light of the presumption that Mr. Barnett's attorney's decisions were sound trial strategy, Mr. Barnett has not established that his counsel's performance fell below an objectively reasonable standard by failing to use Ms. Ellis' statements.

Nor can Mr. Barnett demonstrate prejudice. Three other witnesses besides Mr. Edmundson positively identified Mr. Barnett as the shooter, marking a sharp contrast between the strength of the government's identification evidence and the relative weakness of the evidence Mr. Barnett claims would have shown the jury he

did not commit the crime. Moreover, Ms. Ellis all but recanted two of the three statements she gave to investigators, further weakening the alleged helpfulness of such statements at trial. Mr. Barnett's allegations about his trial counsel's failure to use Ms. Ellis' statements and present a different defense are therefore not "sufficient to undermine confidence in the outcome." *See Strickland*, 466 U.S. at 694. Accordingly, Mr. Barnett has not demonstrated he is entitled to an evidentiary hearing.

The judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge