FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GREG ANDERSON,

    Plaintiff - Appellant,

v.

JIM RICHARDS, in his individual
capacity and in his official capacity,

    Defendant - Appellee.

No. 23-4132
(D.C. No. 2:21-CV-00726-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

This appeal involves restrictions on land use. The landowner,

Mr. Greg Anderson, started building a shed to store solar panels. The effort

ended when a city official, Mr. Jim Richards, obtained an order requiring

Mr. Anderson to stop construction of the shed. Mr. Anderson responded by

suing Mr. Richards, asserting eight counts:

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1.    Gross negligence

2.    Conversion

3.    Violation of the Fourth Amendment by unlawfully seizing property

4.    Denial of due process under the Fourteenth Amendment

5.    Violation of the Fifth Amendment by unlawfully taking property

6.    Denial of the constitutional right to build a house that's manufactured or tiny

7.    Punitive damages

8.    Injunction

R. at 21.

Both parties moved for summary judgment.[1] A magistrate judge recommended that the district judge grant Mr. Richards's motion and deny Mr. Anderson's. The district judge agreed and granted summary judgment to Mr. Richards.[2]

---

[1]    Mr. Anderson sought summary judgment only on the fourth and fifth counts (denial of due process and unlawful taking).

[2]    Mr. Anderson also unsuccessfully moved for a new trial and for reopening. He appealed after the denial of a new trial. But he doesn't address this ruling.

1.    **Counts 1 and 6 (Gross Negligence and Denial of the Right to Build a House)**

In Counts 1 and 6, Mr. Anderson claimed gross negligence and denial of the right to build a manufactured or tiny house. For these claims, the magistrate judge recommended summary judgment for Mr. Richards. Mr. Anderson objected to other rulings, but not the recommendation on Counts 1 and 6. In declining to object, Mr. Anderson waived his right to appellate review of the summary-judgment ruling on these counts. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).[3] So we reject the challenges involving Counts 1 and 6.

2.    **Summary Judgment to Mr. Richards on Counts 2–5 (Conversion/Unlawful Seizure, Denial of Due Process, and Unlawful Taking)**

The district court properly granted summary judgment on Counts 2–5.

a.    **Standard of Review**

For the grant of summary judgment, we conduct de novo review, applying the same standard that applied in district court. *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019). Under that standard, Mr. Richards had the burden to show a right to judgment as a matter of law and the

---

[3]    Despite a party's failure to object, we consider the merits when the interests of justice would require review. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). But Mr. Anderson doesn't invoke the interests of justice.

absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(a). In determining whether Mr. Richards satisfied that burden, we view the record and all reasonable inferences in the light most favorable to Mr. Anderson as the non-moving party. *Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080 (10th Cir. 2023).

### b.    Count 2 (Conversion)

On the conversion claim (Count 2), liability turns on the Utah Governmental Immunity Act. This Act bars civil liability for action taken by governmental employees during the performance of their duties. *See* Utah Code Ann. § 63G-7-202(4)(a). The bar applies to the order prohibiting construction of the shed. The issuance of the order fell squarely within Mr. Richards's duties as a governmental employee, triggering the bar against civil liability.

Mr. Anderson points out that a governmental employee lacks immunity for willful misconduct. *Id.* § 202(3)(c)(i). Misconduct is willful when a governmental employee "intentionally performed a wrongful act . . . with an awareness that injury will likely result." *Salo v. Tyler*, 417 P.3d 581, 590 (Utah 2018). According to Mr. Anderson, Mr. Richards willfully engaged in misconduct because Utah law generally relieves landowners of the need to get a permit for construction on land that is zoned for agricultural use.

The parties disagree on the applicability of this provision. But even if this provision otherwise applied, it wouldn't relieve Mr. Anderson of the need for a permit to get electrical work. *Id.* § 204(11)(b)(i). And Mr. Anderson admittedly planned to install electrical work in his shed. So he would have needed a permit for the electrical work.

Mr. Anderson admittedly lacked a permit for the electrical work. So no factfinder could reasonably infer that Mr. Richards had engaged in willful misconduct by obtaining the order to stop construction.

The award of summary judgment was thus proper on Count 2.

### c.    Count 3 (Unlawful Seizure)

Mr. Anderson also claimed a violation of the Fourth Amendment for the seizure of his "property." For this claim, Mr. Anderson characterizes the *property* as the shed that he was building.

The district court didn't err in granting summary judgment to Mr. Richards on this claim. The order limited what Mr. Anderson could do on his property, but not his right to possession. So no factfinder could reasonably infer that Mr. Richards had seized the shed or the land. The district court thus didn't err in granting summary judgment on this claim.

### d.    Count 4 (Denial of Due Process)

Mr. Anderson also claimed a denial of due process. For the sake of argument, we can assume that Mr. Anderson proved a deprivation of

property or liberty. Despite that assumption, though, Mr. Anderson didn't present any evidence of a denial of due process.

Under the county code, Mr. Anderson had a chance to appeal when Mr. Richards ordered a stop to the construction. Toole Cnty. Code § 14-2-5. Given the right to appeal, Mr. Anderson argues that he was entitled to seek a remedy before getting the order. But the county has a "significant interest in maintaining its capability to act swiftly to bring an immediate halt to construction work that poses a threat to public health and safety or to the environment," *3883 Connecticut LLC v. D.C.*, 336 F.3d 1068, 1074 (D.C. Cir. 2003). And no factfinder could reasonably infer that the Constitution had required an administrative remedy before Mr. Richards obtained the order. The district court thus didn't err in granting summary judgment on this claim.

Mr. Anderson disagrees, arguing that the district court should have considered the order a *per se* taking. But "[a] *per se* taking in the constitutional sense requires a permanent physical occupation or invasion, not simply a restriction on the use of private property." *Ramsey Winch Inc. v. Henry*, 555 F.3d 1199, 1208 (10th Cir. 2009). And the order didn't purport to permanently occupy or invade Mr. Anderson's shed.[4] So the

---

[4]    Mr. Anderson also argues that the order created a lien on the property, resulting in a *per se* taking. But the order didn't say anything about a lien.

factfinder couldn't reasonably infer circumstances that would trigger a *per se* taking.[5]

### e.    Count 5 (Unlawful Taking)

Mr. Anderson also claims that Mr. Richards violated the Fifth Amendment by taking his property. But Mr. Richards just required Mr. Anderson to obtain a permit; he didn't take any of Mr. Anderson's property. "[A]fter all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired." *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127 (1985).

### 3.    Seventh Amendment

According to Mr. Anderson, the grant of summary judgment resulted in a violation of the Seventh Amendment. But "[t]he Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001). So the Seventh Amendment didn't prevent the grant of summary judgment.

### 4.    Punitive Damages and an Injunction

Mr. Anderson included counts for punitive damages and an injunction. These are remedies, not claims. So their viability would turn on

---

[5]    Mr. Anderson also characterizes the order as a *servitude*, but he doesn't explain or support this characterization.

the availability of a separate basis for liability. Because Mr. Anderson didn't show a separate basis for liability, the counts for punitive damages and an injunction didn't prevent summary judgment.

**5.    Mr. Anderson's Motion for Partial Summary Judgment (Counts 4 and 5)**

Mr. Anderson moved for summary judgment on Counts 4 and 5 and challenges the denial of his motion. As discussed above, however, Mr. Richards showed a right to summary judgment on these counts. That ruling mooted Mr. Anderson's motion for summary judgment on the two counts. *See Harrell v. United States*, 443 F.3d 1231, 1233, 1240 (10th Cir. 2006).

* * *

We thus affirm the grant of summary judgment to Mr. Richards and the denial of summary judgment to Mr. Anderson on Counts 4 and 5.

Entered for the Court


Robert E. Bacharach
Circuit Judge

8